## TRACTION COMPANY *v.* CARROLL.

### (*Knoxville.*　September Term, 1904.)

1. **NEGLIGENCE. A** matter of law, when.

   It is well settled that any act must be held negligence in law, or as a matter of law, where no reasonable difference of opinion can exist among men as to the negligent character of the act.

2. **SAME.** Error for court to refuse instruction that passenger injured by alighting from moving car cannot recover, when.

   Where, in an action for injuries to a passenger on a street car, there was evidence that he attempted to get off while the car was still moving, and before he was invited to alight, it was reversible error for the court to refuse special instruction that; if the proximate cause of the injury was so alighting before the car stopped, he could not recover, whether he exercised due care or not.

---

FROM KNOX.

---

Appeal in error from the Circuit Court of Knox County.—JOSEPH W. SNEED, Judge.

SHIELDS, CATES & MOUNTCASTLE, for Traction Company.

E. F. MYNATT, for Carroll.

---

MR. JUSTICE NEIL delivered the opinion of the Court.

The declaration alleged that defendant in error was a passenger on plaintiff in error's street car; that his

destination was the point where Baxter street crosses Central avenue, in the city of Knoxville; that when the car reached this crossing it stopped to allow passengers to alight, but failed to stop long enough for this purpose, and while defendant in error was in the act of alighting it was suddenly started forward, with the result that he was jerked to the ground and seriously injured. This was the only cause of action stated in the declaration.

There was evidence to support the cause of action as alleged. There was also evidence tending to show that before the car reached the crossing, and before defendant in error was invited to alight, and while the car was still moving, he attempted to get off, and in doing so received the injury of which he complains.

The case was tried in the circuit court of Knox county, before his honor, Judge Sneed, and a jury. His honor charged the jury fully upon the first phase of the testimony above set forth, but not upon the second phase. Thereupon, after the conclusion of the general charge, defendant submitted the following special instruction, which he asked should be given to the jury, viz.:

"If you find that the proximate cause of plaintiff's injury was in attempting to alight before the car stopped, without defendant's invitation, then he cannot recover, whether he exercised due care or not in so attempting to alight from the moving car."

This was refused by the circuit judge, on the ground that "it is a question of fact for the jury to say whether it is negligence for a passenger to leave a moving street car."

We think it was error to refuse the request. The case put therein, for which, as we have said, there was some support in the evidence, was one wherein it appeared the passenger was injured without any fault on the part of the carrier. Or to state the point in another way, on the hypothesis assumed in the request, the defendant in error received his injury through his own want of care; that is, from his own negligence. That to step from a moving car, without invitation from the carrier, before it reaches its stopping point, is negligence, we think there can be no doubt. In the case assumed it was not a question of fact for the jury but a question of law for the court, since the rule is that any act must be held negligence in law, or negligence as matter of law, where no reasonable difference of opinion can exist among men as to the negligent character of the act. *N., C. & St. L. Ry. Co.* v. *Edwards* (Nashville, 1903) unreported. So, whether the instruction be regarded as based upon the principle that the carrier cannot be held liable for an injury suffered by a passenger where it has been guilty of no breach of duty to him, or upon the conclusion of law that the defendant in error, on the facts assumed, would be guilty of negligence, the result is the same.

There was a judgment below in favor of the defendant in error for $375. This must be reversed, and the cause remanded for a new trial.