BARBARA KRISINGER v. THE CITY OF CRESTON, Appellant.

**Municipal corporations:** CARE OF SIDEWALKS: NOTICE: EVIDENCE.   On
1   an issue as to whether defendant city was chargeable with notice
of the alleged defective conditions of its sidewalks, in time to have
repaired the same prior to plaintiff's accident, it is held under the
evidence to have been a question for the jury.

**Same:** PERSONAL INJURY: DAMAGES: RECOVERY BY WIFE.   A wife may
2   recover as damages the expense of medicine and medical attend-
ance incurred by reason of a personal injury resulting from the
negligence of another, where she actually employed the physician
and obligated herself to pay it on her own account; although
ordinarily the husband is liable for such expenses and presumably
such damages accrue to him.

**Same:** DAMAGES: WHEN NOT EXCESSIVE.   Two thousand five hundred
3   dollars damages is held not excessive for injury to a woman forty-
nine years of age and in previous good health, where she was
confined to her bed for three months, incapacitated for her work
and suffered pain and permanent disability.

*Appeal from Union District Court.*—HON. H. K. EVANS,
Judge.

TUESDAY, FEBRUARY 9, 1909.

ACTION for damages resulted in judgment against de-
fendant, from which it appeals.—*Affirmed.*

*L. J. Camp,* for appellant.

*D. W. Higbee* and *Thos. L. Maxwell,* for appellee.

LADD, J.—In the evening of April 25, 1906, at about
10:30 o'clock, the plaintiff in passing over an apron in
the sidewalk stepped in an opening left by a displaced

plank, or on a plank, which slipped from under her foot, and fell. The trial resulted in judgment against the city, awarding her damages. But three exceptions are interposed: (1) That the city was without notice of the defect in the sidewalk; (2) that an instruction directing the jury to allow plaintiff for medical attendance and medicines was erroneous; and (3) that the assessment of damages was excessive.

There was no evidence that the city had actual notice of the defect in the walk. Ought it, in the exercise of that degree of vigilance exacted from its officers, to have discovered the defect, and repaired the walk prior to the accident. One witness testified that in the latter part of the winter he had "seen one board clear out at times; sometimes it was open and sometimes the boards were close together." Another testified that: "Prior to the time she got hurt, I had seen the boards kind of raised up. I saw the planks loose quite a little while prior to the time she was injured." Still another noticed the two boards were loose about a week before plaintiff fell. Surely, in view of the active duty of inspection devolving upon the city's officers, this evidence of the condition of the walk was sufficient to carry the issue to the jury. But it is argued that, as plaintiff had passed over it twice a day during eight months and had not discovered the loose plank, the city ought not to be held to have notice of them. She left her home for the restaurant at five in the morning, and ordinarily did not return until ten o'clock at night. As explained, she could not well have observed defects in the walk save when she returned during the day, which happened occasionally. It may have been light at five o'clock in August previous, as contended, but for all that appears the sidewalk was not out of repair at that time. Moreover, the inquiry is not whether she noticed the condition of the walk, but whether it was so

1. MUNICIPAL CORPORATIONS: care of sidewalks: notice: evidence.

noticeable that the city in the discharge of its active duty in keeping it in reasonable repair should have discovered the loose planks, and fastened them before the accident. *Broburg v. Des Moines,* 63 Iowa, 523, relied on by appellant, is not in point, for in that case none of those passing along the street several times a day had noticed its dangerous condition, and the court held that the city was not bound to have known what no one else had been able to discover. Here, even though plaintiff had not observed, others, as the jury might have found, had noticed the loose plank in the walk for a considerable time previous, and the issue as to whether defendant ought to have known of and repaired the defect was for the jury.

II. The court instructed the jury to allow plaintiff "such sum for medicines and medical attendance as the preponderance of the evidence shows she has incurred."

2. SAME: personal injury: damages: recovery by wife.

Plaintiff participated in conducting a restaurant in the name of her husband and son. She had no independent occupation, but she did employ the physicians and personally agreed to pay them, and for this they trusted her. This was undisputed. Ordinarily, as the duty of caring for and maintaining the wife devolves upon the husband, such expenses are primarily his, and presumably such damages accrue to him. *Tuttle v. Railway,* 42 Iowa, 518; *Elenz v. Conrad,* 115 Iowa, 183; *Keller v. Lewis,* 116 Iowa, 369. Without approving the doctrine of the last two cases, it is enough now to say that the facts of this case clearly distinguish it therefrom. Where the wife has actually paid such expenses, there is no good reason for denying her the right to recover the same. If the defendant is liable therefor, it can make no difference whether payment is made to the husband or the wife if the latter has actually paid it from her separate means; for in that event the husband could not recover it again and the defendant would be in no danger of being obliged to pay a second

time.  *City of Columbus v. Strassner,* 138 Ind. 301 (34
N. E. 5, 37 N. E. 719).  In so far as the right to recover
is concerned, it is immaterial whether the expense has
been paid by the wife or has been personally incurred by
her.  If she has obligated herself to pay it on her own
account, she is damaged to the extent of the reasonable
value of the services and medicines, and is entitled to re-
cover as though a *feme sole.  Lucas v. Railway,* 92 Mich.
412 (52 N. W. 745); *Board of Commissioners of Shelby
County v. Castetter,* 7 Ind. App. 309 (33 N. E. 986, 34
N. E. 687).  The facts justified the instruction as given.

III.  Appellant contends that the sum allowed as
damages is excessive.  At the time of the injury plaintiff
was forty-nine years old, with an expectancy of twenty-
two years, weighed two hundred and twenty-
five pounds, was in good health, and had
led an active and industrious life.  She was

3. SAME:
damages: when
not excessive.

confined to her bed for three months after the fall, and has
been unable to do any work since.  She has become afflicted
with varicose veins on the left leg, with lumps thereon as
large as walnuts.  As  her circulation is poor, ulceration
may follow.  One kidney is displaced, and incontinence
of the urine is likely to be permanent.  The muscles which
hold the abdominal walls seem to have pulled loose from
the sternum so that she suffers from ptosis abdominalis,
meaning the general letting down of the contents of the
abdominal cavity.  Aside from impairing her ability to
move about, this causes pain at the stomach and injures
the digestion.  She also suffers pain where the ensiform
cartilage connects the ribs to the breastbone.  Appellant
argues that her condition in large part at least is due
to a general breaking down as the result of a previous
life of toil, but there is no evidence to this effect in the
record.  Other causes are suggested, but the jury well
might have found her condition traceable to injuries re-
ceived when she fell, rather than to other causes possible,

though not to be inferred from the evidence adduced. In view of plaintiff's condition, it can not be said that the amount allowed as damages, $2,500, is excessive.—*Affirmed.*