## IDA FINK v. ISAAC BAER.[1]

May 23, 1930.

No. 27,914.

*Bundlie & Kelley,* for appellant.
*Samuel A. Anderson* and *David H. Ruvelson,* for respondent.

STONE, J.

After verdict for plaintiff defendant appeals from the order denying his alternative motion for judgment or a new trial.

█ Plaintiff at the time of the accident was a passenger in defendant's sedan driven by himself. He stopped in front of plaintiff's home to permit her to alight. Instead of putting his gears into neutral, he left them in low speed with the clutch disengaged.

[1]Reported in 230 N. W. 888.

Plaintiff had been riding in the rear seat. Defendant, in turning to open the door or keep it open while she alighted, in some way inadvertently released the clutch pedal, thereby permitting the gears to engage and the car to start forward with a jerk. Plaintiff, so the evidence indicates, was thereby violently thrown to the pavement and sustained the injury for which she seeks recovery.

There is no escape from the conclusion that the issue of defendant's negligence was for the jury. The proof for plaintiff did not go beyond the limits set by the complaint, which alleged generally that plaintiff was injured because "defendant negligently started his automobile with great suddenness and negligently threw the plaintiff from the automobile to the pavement" without warning.

Of the verdict for $1,291, $291 was specially assessed "for doctor's and nurse's expenses." The point is now made that the liability for that outlay was against plaintiff's husband and that in consequence she is not entitled to recovery. The husband departed this life after the accident and before the trial. Plaintiff assumed liability for the expenses and paid them. There is no possible ground upon which she can be denied a recovery of the amount so paid.

It is true that in Belyea v. M. St. P. & S. S. M. Ry. Co. 61 Minn. 224,. 63 N. W. 627, it was said that the plaintiff, a married woman, "was not entitled to recover the expenses incurred for medical treatment, as these were expenses for which her husband was liable, and for which she was not liable." But there is nothing in that case nor in any other decision of this court holding that where the wife has herself assumed an enforceable liability for such services or has paid them that she may not recover. If her husband were still living and plaintiff had proved that she herself had paid the charges of her doctor and nurse, she would be entitled to recover. Her payment would show that no cause of action existed in favor of her husband (because he had not been and could not be "put to expense," Skoglund v. Minneapolis St. Ry. Co. 45 Minn. 330, 47 N. W. 1071, 11 L. R. A. 222, 22 A. S. R. 733) and that the only one remaining was her own. Lacas v. Detroit City Ry. 92 Mich. 412, 52 N. W.

745; Gilson v. City of Cadillac, 134 Mich. 189, 95 N. W. 1084; Krisinger v. City of Creston, 141 Iowa, 154, 119 N. W. 526. None of the cases cited for defendant conflict with this proposition. One of them, Felker v. Bangor Ry. & Elec. Co. 112 Me. 255, 257, 91 A. 980, 981, holding that a married woman suing for personal injuries cannot recover expenses for medical and surgical treatment "unless she has expressly undertaken to be personally responsible for them," tends rather to support the rule we have stated.

Order affirmed.