SANDLIN v. KOMISAR.—93 S. W. (2d), 645.

Middle Section. December 21, 1935.

Petition for Certiorari denied by Supreme Court, May 2, 1936.

Roy A. Miles, of Nashville, for plaintiff in error Sandlin.
W. M. Fuqua, of Nashville, for defendant in error Komisar.

CROWNOVER, J. This was an action for damages for personal injuries sustained by the plaintiff, Sandlin, while climbing aboard a truck owned by the defendant, while it was rolling along the street.

Defendant pleaded the general issue of not guilty.

The case was tried by the judge and a jury. At the close of the plaintiff's evidence, the defendant moved the court for a directed verdict on the following grounds:

"1. That there is no material evidence to support a verdict.

"2. There is no material evidence showing any negligence on the

part of the defendant, his agent or servant, that directly or proximately caused the accident or contributed thereto.

"3. Because the plaintiff is guilty of contributory negligence, from the proof, as a matter of law.

"4. Because the uncontradicted proof shows that at the very time of the injury and accident in question, the agent and servant of the defendant, driving the truck, was not engaged upon the business of the defendant, nor in furtherance of his employment in connection therewith."

The judge overruled the second and third grounds of the motion, but sustained the first and fourth grounds of said motion and directed a verdict for defendant, Komisar. The jury accordingly returned a verdict for defendant and judgment was entered dismissing the plaintiff's action.

Motion for a new trial having been overruled, the plaintiff appealed in error to this court and has assigned errors, all of which raise only one proposition: At the time of the accident and injuries, was the agent and servant of defendant engaged in the business of defendant?

In June, 1933, L. L. Sandlin, the plaintiff, drove in his car to the defendant's place of business for the purpose of paying rent to the defendant for a house he was renting from him. He was accompanied by his wife, child, and brother-in-law. It was Saturday afternoon. The foundry where Sandlin was employed had closed down for a week.

Sandlin had formerly worked for Komisar. On Sandlin's arrival he and Komisar engaged in friendly conversation. Komisar offered him some kindling, boxes, which were lying on the sidewalks. In the course of the conversation, Komisar asked Sandlin to go on his truck, with his truck driver, out to Porter road and assist the driver in unloading and setting up an oil stove. Sandlin expressed willingness to go, but said he and his wife had an engagement with his sister-in-law, who lived on Ramsey street. Komisar suggested that Sandlin go on the truck to Porter road and stop on the way at Ramsey street and deliver a message to his sister-in-law that his wife would come for her later. Komisar stated that his driver could make a detour and take him to Ramsey street on the way; that after delivering the stove the truck could take him (Sandlin), with the kindling, home.

In going from the People's Furniture Company, on Broad street, to the Porter road, the most direct route was out Gallatin avenue and Gallatin road. Ramsey street intersects Gallatin avenue in about the ninth block from the river.

In order for Sandlin to deliver his message, the truck driver turned to his left at Ramsey street, left his direct route on Gallatin avenue, traveled a short block down Ramsey street, and stopped in front of

Sandlin's sister-in-law's residence. Sandlin went into the house, where he remained two or three minutes. As Sandlin left the house and approached the truck, it began to roll down grade. He ran after it and jumped onto it. As he was entering the cab, the driver applied his brakes, or engaged his clutch, and the truck stopped suddenly, throwing Sandlin against the front door post of the cab, whereby his right shoulder was injured.

The truck driver drove around the block and back to Gallatin avenue, and proceeded to Porter road where he delivered the stove, and then carried Sandlin home.

It is insisted by the defendant that Sandlin was injured during the departure from the truck's route, and that the purpose in making this detour—driving a block down Ramsey street—was solely for the accommodation of Sandlin; that the truck was not on Komisar's business when on Ramsey street.

We think the sole determinative proposition is that Komisar expressly directed the driver to go down Ramsey street and the driver when on that street was following the route he was instructed by Komisar to take, and the doctrine of respondeat superior applies, and the trial judge was in error in directing a verdict.

The question of deviation does not arise. The driver was instructed by Komisar to make this short detour and was on the route that his master had told him to take. And the detour was incidentally for the master's benefit.

''The general rule of law is that for all acts done by a servant in obedience to the express orders or direction of the master, or in the execution of the master's business, within the scope of his employment, and for acts in any sense warranted by the express or implied authority conferred upon him, considering the nature of the service required, the instructions given, and the circumstances under which the act is done, the master is responsible. . . .

''In order to hold the employer liable, . . . it must appear that the driver of the car was, at the time of the injury, under the orders or control, express or implied of the owner, both as to the manner of doing the thing and as to the result to be obtained.'' Vartanian on Automobiles, 396, 397, sec. 120.

The phrase ''in the course or scope of his employment or authority,'' when used relative to the acts of a servant, means while engaged in the service of his master, or while about his master's business. Vartanian on Automobiles, 405, sec. 121.

An attempted limitation is that in order for an act to fall within the ''scope of employment,'' it (1) must be done in furtherance of the master's business or incident to the performance of the duties intrusted to the servant by the master; (2) must be done in the prosecution of the master's business or in executing his orders

or doing his work; (3) must be connected with some mission or the performance of some service for the principal; (4) where the act is necessary to accomplish the purpose of the employment and intended for that purpose. Vartanian on Automobiles, 408, 409, sec. 121; Grier v. Grier, 192 N. C., 760, 135 S. E., 852, 854.

There would be no doubt about Komisar's liability had he told his driver to go to Ramsey street and deliver a message, on his way to set up the stove elsewhere, and in doing it the driver had negligently injured a third party, because the driver would have been within the scope of his authority. The instant case is not different.

The prevailing and the sounder rule, adopted by the great weight of authority, is that the operator of an automobile owes the duty of ordinary or reasonable care to a guest—whether he be an invitee or a licensee (Tennessee Cent. R. Co. v. Vanhoy, 143 Tenn., 312, 226 S. W., 225; Schwartz v. Johnson, 152 Tenn., 586, 280 S. W., 32, 47 A. L. R., 323), a degree of care and diligence which a man of reasonable prudence would exercise for his own protection and the protection of his family and property under like conditions (Morris v. Peyton, 148 Va., 812, 139 S. E., 500; Hornbeck v. Richards, 80 Mont., 27, 257 P., 1025, 1029); and the question is one for the jury (Mackenzie v. Oakley, 94 N. J. Law, 66, 108 A., 771; Neumiller v. Acme Motor Car Co., 49 Pa. Super., 183).

Where an employee drove on an errand for his employer which was outside the work generally for which he was employed, the employer was liable for his negligence. 2 Berry on Automobiles (6 Ed.), sec. 1349; Brimberry v. Dudfield Lumber Co., 183 Cal., 454, 191 P., 894; Chamberlain v. Southern California Edison Co., 167 Cal., 500, 140 P., 25.

Sandlin was on the truck by Komisar's invitation, and Komisar had instructed his servant to take him to Ramsey street; hence Komisar is liable.

It results that all the assignments of errors are sustained and the case is remanded to the circuit court of Davidson county for a new trial. The cost of the appeal is adjudged against Komisar, but the cost that accrued in the lower court will await the final determination of the case.

Faw, P. J., and DeWitt, J., concur.