## HARRISON v. GRAHAM.—107 S. W. (2d), 517.

Middle Section. April 24, 1937.

Petition for Certiorari denied by Supreme Court, July 3, 1937.

James D. Richardson, of Murfreesboro, for plaintiff in error Harrison.

C. C. Jackson, of Murfreesboro, for defendant in error Graham.

FELTS, J. This is an action by R. E. Graham against C. F. Harrison for personal injuries claimed to have been caused by the latter's negligent operation of his automobile.

There was a verdict for plaintiff for $3,400, the trial judge suggested a remittitur of $900, which plaintiff accepted under protest, and judgment for $2,500 was entered in his favor.

Both parties appealed in error and have assigned errors.

Defendant insists a new trial should be granted him because (1) there is no evidence of any negligence on his part, (2) plaintiff, as a matter of law, was guilty of contributory negligence, and (3) the verdict is so excessive as to indicate passion, prejudice, and caprice on the part of the jury.

There was material evidence tending to prove the facts now to be stated.

Graham had been a tenant on Harrison's farm for about eleven years. On September 16, 1935, the day of his injury, he was hired to Harrison, cutting sorghum and loading it on wagons to be hauled to the silo at the cow barn, where Harrison had some other hands putting the sorghum into the silo. Harrison directed him to go to the barn and help the men in that work. On his way from the field to the barn, and when he had got within about 100 yards of the barn, Graham, walking, was overtaken by Harrison driving his automobile. As he approached, he blew the horn, slowed down the car nearly to a stop, and directed Graham to get on the running board. He stepped on the running board with his left foot, caught hold of the car between the doors with his hand, and

as he was in the act of raising his right foot to the running board, the car suddenly lurched forward, jerked or swung him completely around and almost loose from the car, caused him to miss his footing with his right foot, and the rear wheel to run over it. His injuries were three broken metatarsal bones in his right foot and a bad sprain or possibly a fractured vertebra.

█ █ (1) We think there is material evidence to support the verdict that defendant was negligent. Whether plaintiff be considered as an employee or a guest, defendant owed him the duty of exercising ordinary care not to increase the danger of his undertaking to get on the car, as he was directed or invited by defendant to do, and not to create or expose him to a new or unanticipated danger. Tennessee Central Railway Co. v. Vanhoy, 143 Tenn., 312, 335, 226 S. W., 225; Sandlin v. Komisar, 19 Tenn. App., 625, 628, 93 S. W. (2d), 645; Coppedge v. Blackburn, 15 Tenn. App., 587, 594.

The suddenly accelerated movement of the car at the moment when plaintiff was in the act of stepping on the running board, was a circumstance, considered with the other circumstances proved, from which the jury might reasonably infer that defendant failed in this duty of ordinary care and was negligent. R. B. Tyler Co. v. Kirby's Adm'r., 219 Ky., 389, 293 S. W., 155; Sandlin v. Komisar, 19 Tenn. App., 625, 627, 93 S. W. (2d), 645; Browder v. Beckman, 275 Ill. App., 193; Fink v. Baer, 180 Minn., 433, 230 N. W., 888; Williams v. Williams, 210 Wis., 304, 246 N. W., 322; Cf. Forman v. Prevoir, 266 Mass., 111, 164 N. E., 818.

█ (2) We also think the plaintiff cannot be held as a matter of law guilty of contributory negligence. Whether one has been guilty of contributory negligence is always a question of fact to be determined by the jury, unless no reasonable difference of opinion can exist among men as to the negligent character of the act. Carey Roofing & Mfg. Co. v. Black, 129 Tenn., 30, 36, 164 S. W., 1183, 51 L. R. A. (N. S.), 340; P. & B. Storage & Transfer Co., Inc., v. Lane, 11 Tenn. App., 237, 244.

█ In attempting to ride on the running board, plaintiff was not guilty of negligence as a matter of law. Hull v. Simmons, 7 Tenn. Civ. App. (7 Higgins), 351; Cecil v. Jernigan, 4 Tenn. App., 80; Vandell v. Sanders, 85 N. H., 143, 155 A., 193, 80 A. L. R., 550 (Annotated, p. 553); Cf. Goodman v. Hicks, 15 Tenn. App., 231.

To support his insistence that it is negligence per se for one to attempt to get on or off a vehicle in motion, defendant cites Traction Co. v. Carroll, 113 Tenn., 514, 82 S. W., 313, and cases from other jurisdictions. We have examined them and think none of them controlling in the instant case. The distinguishing feature of practically all of them is that in those cases the person undertaking

to get on or off the moving vehicle was doing so without invitation, express or implied, from the person in control of the movement of the vehicle (Traction Co. v. Carroll, supra), while in the present case, plaintiff was attempting to get on the running board upon the express invitation of defendant, who had brought the car almost to a stop to enable him to do this.

■■ Under these circumstances, he had a right to assume defendant would operate the car with due care for his safety and would subject him to no peril beyond that of stepping up on the running board of the car as it was then moving. Whether this would involve any peril, or whether any reasonably prudent person would anticipate injury might result, obviously would depend upon . the rate at which the car was moving. No witness gave an estimate as to this. Plaintiff said the car had "slowed down, nearly stopped." Defendant said it was "just barely moving." Whether the movement was sufficient to induce a reasonably prudent person to anticipate that injury might result from an attempt to get on the running board was, we think, a question of fact and not a question of law.

■■ Defendant's counsel refers to an answer of plaintiff on cross-examination as showing he was aware that his attempt to get on the car in motion was dangerous. He said:

"Q. Didn't you know it was dangerous to step on the running board of a car when it is running? A. Of course it is dangerous to step on a running board, but he slowed down enough for me to get on."

Construing the testimony most favorably to support the verdict, as we must do, we think this is fairly open to the inference that plaintiff, though knowing it is ordinarily dangerous to step on the running board of an automobile while it is running, thought defendant had slowed down the car enough for him to get on without danger.

(3) As has been stated, plaintiff's injuries were three broken metatarsal bones in his foot and a bad sprain or possibly a fracture of a vertebra. He was treated by Dr. Allen and also by Dr. Carpenter, a bone specialist in Nashville. His doctors' bill was $225. His foot appeared to have recovered at the time of the trial below (June 17, 1936), but he was still suffering from his back and was wearing a cast. Dr. Allen expressed the opinion that the injury to his back was permanent. Plaintiff testified, without contradiction or cross-examination on the point, that his injuries had rendered him unable to work from the date he received them until the date of the trial—about nine months; and that he had suffered much pain during that period.

■ As stated, the trial judge suggested a remittitur by which

the recovery allowed was reduced to $2500. We cannot say this amount is so large for the injuries shown as to warrant us in disturbing the judgment.

 Plaintiff's acceptance of the remittitur, though under protest, bound him, because it does not appear that the trial judge ordered the remittitur upon the ground that he thought the verdict was so excessive as to indicate passion, prejudice, corruption, partiality, or unaccountable caprice upon the part of the jury, which is the only case where a plaintiff can accept a remittitur under protest and save the question in the appellate court. Yarbrough v. Louisville & N. R. R. Co., 11 Tenn. App., 456, 460.

It results that all the assignments of error are overruled and the judgment of the circuit court is affirmed. Judgment will accordingly be entered here in favor of plaintiff R. E. Graham against defendant C. F. Harrison, for the sum of $2,500, with interest thereon from August 18, 1936, the date of the judgment below, and the costs of the cause accrued in the circuit court. The costs of the appeal will be adjudged against C. F. Harrison and his surety on his appeal bond.

Faw, P. J., and Crownover, J., concur.