Jerry **FRAZIER**, a minor b/n/f T. L. Frazier, and T. L. Frazier

v.

Billy L. **NABORS** and United States of America.

No. 4832.

United States District Court E. D. Tennessee, S. D.

Sept. 13, 1967.

T. Eugene Sinor, Chattanooga, Tenn., for plaintiffs.

Spears, Moore, Rebman & Williams, J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

FRANK W. WILSON, District Judge.

This is an action for personal injuries and property damage arising out of an automobile accident. The plaintiff has made alternative claims seeking to recover either from Billy L. Nabors as the driver of the vehicle involved in the accident, should it be determined that he was not acting in the course and scope of his employment with the United States at the time of the accident, or otherwise seeking to recover from the United States under the Federal Tort Claims Act, should it be determined that Nabors was acting within the course and scope of his employment at the time of the accident.

Since it is provided by Section 2679(b) of Title 28 U.S.C. that the remedy by suit against the United States shall be exclusive in an action arising out of a motor vehicle accident involving an employee of the United States while acting in the scope of his employment, it is necessary for the Court to resolve the issue of scope of employment before this case can proceed to trial against one or the other of the defendants, the plaintiff being entitled to a trial by a jury in a common law tort action if his remedy is against the defendant Nabors and the case being subject to trial by the Court in accordance with the Federal Tort Claims Act if the plaintiffs' remedy is against the United States. The scope of employment issue was accordingly severed from the remaining issues and the case has now been tried upon this issue only.

## FINDINGS OF FACT

The evidence upon the issue of scope of employment was largely, if not wholly, undisputed and the Court finds the facts to be as follows. Prior to August 1966 the defendant, Billy L. Nabors, was employed with the United States Forest Service as a civil engineer and was stationed at Jackson, Mississippi. About this time he was asked by his employer if he would accept a transfer to Cleveland, Tennessee, for assignment to the United States Forest Service Office there. Nabors agreed to accept the new position. In accordance with the Administrative Expense Act of 1946, as amended, [5 U.S.C. 73b–1, 73b–3 & 73b–4] and regulations issued thereunder (Exhibit No. 1), Nabors was duly authorized to make a round trip from Jackson, Mississippi, to Cleveland, Tennessee, for the purpose of locating a home in Cleveland. In accordance with the foregoing regulations and upon Nabors' agreement to remain

with the Forest Service for a period of at least one additional year, he was to receive travel pay and per diem allowance while on the trip. Nabors used his personal automobile for making the trip and was accompanied by his wife. His travel pay consisted of reimbursement for mileage on a station to station basis from Jackson, Mississippi, to Cleveland, Tennessee, and return and his per diem pay consisted of per diem in the sum of $16.00 per day for himself and $12.00 per day for his wife. In accordance with the regulations (Exhibit No. 1) Nabors was considered upon "duty status" while on the house hunting trip, the move being viewed as being made for the convenience of the Government [See Exhibit No. 1, Regulations, Sec. 2.4(c) (3), p. 17]. Nabors departed from Jackson, Mississippi, upon August 7, 1966, and arrived at Cleveland, Tennessee, upon August 8, 1966, around 11:00 A.M., reporting there to the Forest Service Office. That afternoon and the following day Nabors and his wife looked at homes in and about Cleveland. Upon the afternoon of August 9, 1966, at approximately 4:30 P.M., while inspecting the neighborhood in the area of a prospective home, and while driving his own automobile, Nabors was involved in the accident out of which this lawsuit arose.

## CONCLUSIONS OF LAW

(1) It is well settled under the Federal Tort Claims Act that the law of the place where the accident occurred governs in determining whether an employee was acting within the scope of his employment. Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761; United States v. Taylor, (C.A. 6th, Tenn.) 236 F.2d 649; Mider v. United States, (C.A. 6th, Ohio) 322 F.2d 193. In this regard Sec. 2674 of Title 28 U.S.C. provides:

"The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, * * *."

Accordingly, the issue of respondeat superior must be determined in accordance with the law of Tennessee.

(2) Tennessee follows the rules generally followed in other jurisdictions in holding that an employer will be held liable for the negligent act of an employee while acting in the course and scope of employment and in defining scope of employment. Dickinson v. Harris, 242 F. 926; Terrett v. Wray, 171 Tenn. 448, 105 S.W.2d 93; Hall Grocery Co. v. Wall, 13 Tenn.App. 203; Hoover Motor Express Co. v. Thomas, 16 Tenn. App. 664, 65 S.W.2d 621. In the case of Sandlin v. Komisar, 19 Tenn.App. 625 at 627, 93 S.W.2d 645, at 647, the Court stated the rules in this regard to be as follows:

The phrase "in the course or scope of his employment or authority," when used relative to the acts of a servant, means while engaged in the service of his master, or while about his master's business. Vartanian on Automobiles, 405, § 121.

An attempted limitation is that in order for an act to fall within the "scope of employment," it (1) must be done in furtherance of the master's business or incident to the performance of the duties intrusted to the servant by the master; (2) must be done in the prosecution of the master's business or in executing his orders or doing his work; (3) must be connected with some mission or the performance of some service for the principal; (4) where the act is necessary to accomplish the purpose of the employment and intended for that purpose. Vartanian on Automobiles, 408, 409, § 121; Grier v. Grier, 192 N.C. 760, 135 S.E. 852, 854.

While this Court must look to a number of factors in determining whether the act complained of was one committed within the scope of employment, ultimately the issue for determination by the Court is whether, from all of the evidence, it is made to appear that the employee at the time of the act was doing for his employer what he had been

directed to do and whether he was engaged at the time in the performance of a service which was a contemplated or foreseeable incident of his employment. 35 Am.Jur., "Master and Servant," Secs. 553 and 558. That he may also have been acting on behalf of himself as well as his employer does not prevent the act from falling within the scope of his employment. United States v. Taylor, (C.A. 6th, Tenn.) 236 F.2d 649.

■ The Court is of the opinion that under all of the evidence in this case, the defendant Nabors was acting within the course and scope of his employment with the United States at the time of the accident herein sued upon. He was engaged in the process of relocating from one place of employment to another, for the mutual benefit of himself and the United States, his employer. His trip was authorized and he was travelling on government orders on a mission deemed advantageous to the government. The accident occurred during his normal work hours and at a time when he was immediately engaged in the process of searching for a home, the very purpose for which he had been authorized to make the trip. This activity was considered sufficiently beneficial to the government that it authorized the trip, continued the compensation of Nabors and reimbursed him for his expenses incident to searching for a new home. Nabors was considered by the government in a duty status both for the purpose of continuing his regular compensation and for the purpose of reimbursing his additional expenses. That the government may have elected to permit him to use his own automobile and may not have sought to control the details of his movement is not of critical significance, for it appears that the government had the authority to control the movements of Nabors to the extent that it elected to do so.

While no authority from other jurisdictions has been cited unto this Court and none has come to the attention of the Court involving the status of a government employee while in authorized travel in search of a new home, somewhat analogous cases have arisen with respect to military personnel while in travel status from one station to another. While the authorities are not uniform in their holding (see United States v. Sharp, (C.A. 4th) 189 F.2d 239), the greater weight of authorities have generally held that military personnel, while travelling in private automobiles from one station to another on government travel orders, are nevertheless acting within the scope of their employment within the Federal Tort Claims Act. See United States v. Wibye, (C.A. 9th) 191 F.2d 181; United States v. Kennedy, (C.A. 9th) 230 F.2d 674; United States v. Mraz, (C.A. 10th) 255 F.2d 115; Hinson v. United States, (C.A. 5th) 257 F.2d 178; Cooner v. United States, (C.A. 4th) 276 F.2d 220. See also Hopper v. United States, (C.A. 6th) 122 F.Supp. 181, affirmed 214 F.2d 129.

■ (3) An issue has been raised in this case with respect to the lack of diversity jurisdiction with regard to the defendant Nabors. The Court would clearly have ancillary jurisdiction for the purpose of determining the present issue. In view of the Court's decision that Nabors was acting within the scope of his employment with the consequence that the plaintiffs' exclusive remedy under 28 U.S.C. § 2679(b) lies in the plaintiffs' action against the United States, the Court will have no need to further pass upon the defendant Nabors' motion in regard to lack of diversity jurisdiction.

An order will enter in accordance with this opinion dismissing the plaintiffs' lawsuit as to the defendant Nabors. The case will remain for trial upon September 19, 1967, as to all remaining issues in the lawsuit of the plaintiffs against the United States of America. An order will enter accordingly.