ALICE M. JANKE v. MELVIN F. JANKE.

195 N. W. 2d 185.

February 18, 1972—No. 43060.

*Winter, Lundquist, Sherwood & Athens, Bruce E. Sherwood,* and *Marvin E. Lundquist,* for appellant.

*Richard S. Roberts* and *I. L. Swanson,* for respondent.

KNUTSON, CHIEF JUSTICE.

This is an appeal from an order of the trial court denying defendant's motion for judgment notwithstanding the verdict.

The case arises out of an automobile accident which occurred when plaintiff was riding as a passenger in her husband's car. She sued her husband to recover for her personal injuries and medical expenses. The case was submitted to the jury on a special verdict in which the jury found defendant's negligence was the direct cause of plaintiff's injuries and that she was entitled to $2,500 for her injuries and $2,500 for her medical expenses.

The case has been submitted here on the following stipulation of facts, approved by the trial court, in lieu of a reporter's record pursuant to Rule 110.04, Rules of Civil Appellate Procedure:

"The accident involved in this action on appeal occurred February 22, 1970, in Crow Wing County, Minnesota, while respondent-plaintiff Alice M. Janke, was a passenger in an automobile operated by her husband, appellant-defendant Melvin F. Janke. As a result of the accident, respondent-wife was injured and

thereafter received medical attention and was hospitalized, and will receive medical attention in the future.

"A lawsuit was initiated by Alice M. Janke against her husband for personal injuries, and, among other things, she alleged that she incurred medical and hospital expenses, past and future.

"The allegation was denied and the plaintiff was put to her proof of same.

"During the course of trial, the amount of medical and hospital bills incurred were admitted into evidence, and a prognosis for probably future medical expense was testified to by her doctor.

"No evidence was offered or admitted at the trial relating to whether the obligation or responsibility for the medical and hospital bills was attributable to plaintiff Alice M. Janke; no evidence was offered as to whether she or her husband received the bills, no evidence as to which of them made any payments on the bills, if any were made, and no evidence as to who was being billed for them. In short, the record was blank as to who assumed the obligation and responsibility for the bills. She was employed at all relevant times.

"The jury was given a special verdict form which included in addition to questions of plaintiff's liability, a question numbered 4 which asked specifically what sum of money would compensate plaintiff for medical expenses incurred, past and future. To this, the defendant took due exception, and the jury answered in the sum of $2,500.00. The inclusion of that question and the amount attributable thereto by the jury were the subject of defendant's motion for judgment notwithstanding the verdict following trial. The trial court denied the motion and the amount of the medical expenses was included in the judgment ordered by the Court upon denial of defendant's motion. From that portion of the order, defendant makes this appeal."

The only question presented here is whether a wife in a suit against her husband for personal injuries caused by his negligence may recover medical expenses incurred in treating the wife.

The question becomes important since we abrogated the interspousal immunity between husband and wife in Beaudette v. Frana, 285 Minn. 366, 173 N. W. 2d 416 (1969), thereby giving one spouse a right to sue the other for injuries resulting from tort. If in such a case the wife cannot recover her medical expenses in a suit against her husband, they cannot be recovered at all since the husband is in no position to recover such expenses if they are caused by his own tort.

The question of a wife's right to recover medical expenses incurred in treating injuries to herself was exhaustively examined in Boland v. Morrill, 275 Minn. 496, 148 N. W. 2d 143 (1967), where many of the cases on this subject are collected. It would serve no useful purpose to reexamine the authorities or to repeat what we there said. Boland was decided prior to Beaudette. In Boland we said (275 Minn. 498, 148 N. W. 2d 145):

"It is a widely accepted general rule that at common law, and even under provisions of modern statutes emancipating a married woman from her husband, the husband is deemed to have the exclusive right to recover for past medical expenses made necessary by injury to his wife and the wife has no right of action except under unusual circumstances such as where she has paid or expressly or impliedly assumed liability for such expenses. Annotation, 66 A. L. R. 1189. The reason for the rule is that married women's acts removing the disability of married women to independently contract and incur liability were not intended to free the husband of his common-law duty to support his wife and to be liable for her necessities. * * *

* * * * *

"* * * [T]he cases reviewed indicate that to render the wife personally liable they [medical expenses] must be supplied on her individual credit. That is to say, her liability must be based upon a showing of her unequivocal assumption of liability by contract, express or implied in fact from the circumstances. Where she has not so contracted to the exclusion of her husband, she is not to be held liable, even though she receives the benefit,

by reason of the presumption that a wife living with her husband is acting as his agent in purchasing services and articles of necessity."

Essentially, the question now is whether we should adopt a different rule since Beaudette abrogated the interspousal immunity. We come to the conclusion that we should adhere to Boland. Under that decision, because he is liable for their payment, the exclusive right to recover medical expenses incurred in treating the wife lies with the husband unless it is shown that the wife has paid such expenses or personally assumed liability for them. Examples of cases where the wife has been permitted to recover for her medical expenses are Fink v. Baer, 180 Minn. 433, 230 N. W. 888 (1930), where the wife was permitted to recover in a case where the husband had died and she had assumed liability for and paid her medical expenses. In Paulos v. Koelsch, 195 Minn. 603, 263 N. W. 913 (1935), we permitted the wife to recover where she had not lived with her husband or been supported by him for over 5 years.

In this case, there was no evidence that the wife had either paid her medical expenses or assumed liability for them. As a matter of fact, the stipulation of the parties negates any such finding.

It has been mentioned that a married woman is liable for articles of necessity under Minn. St. 519.05, but this statute does not apply to medical expenses. Boland v. Morrill, *supra.*

It follows that it was error for the trial court to permit the jury to find for plaintiff in recovering her medical expenses on the basis of the record now before us. Consequently, the trial court must be reversed in so far as medical expenses are concerned.

Reversed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.