ROBERT M. PLAIN, INDIVIDUALLY AND AS
FATHER AND NATURAL GUARDIAN OF
ANNE E. PLAIN AND ANOTHER, v.
JOAN S. PLAIN.

240 N. W. 2d 330.

March 19, 1976—No. 45873.

*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp &
Brennan, O. C. Adamson II,* and *Mary Jeanne Coyne,* for appel-
lant.

*Popham, Haik, Schnobrich, Kaufman & Doty, Denver Kauf-
man,* and *Frederick C. Brown,* for respondents.

OTIS, JUSTICE.

Plaintiff seeks to recover damages from his wife for loss of consortium resulting from her own negligence. In the same action her children sue for loss of services and companionship. The trial court denied the mother's motion to strike these claims from the pleadings under Rule 12, Rules of Civil Procedure, but certified the question as important and doubtful.[1]

We reverse.

Since there has been no trial the allegations of the complaint, for purposes of a Rule 12 motion, are taken as correct.[2]

On or about June 8, 1973, on Highway No. 52 east of Donnybrook, North Dakota, defendant was driving the family car in which defendant's husband and children were passengers. Because of defendant's negligence, the car turned over and all four occupants were injured.[3]

Plaintiff's complaint contains these allegations among others:

"As a result of defendant's negligence, defendant was caused to sustain serious permanent injuries to her body, in turn, causing plaintiff Robert M. Plain to incur on her behalf substantial past hospital, medical and nursing expenses in a presently undetermined amount but believed to be at least $40,000.00 and future hospital, medical and nursing expenses in a presently undetermined amount but believed to be at least $360,000.00.

"As a further result of defendant's negligence, plaintiff Robert M. Plain has been and will be deprived permanently of the services of his wife Joan S. Plain in the management of his domestic affairs and his comfort and happiness in her society and companionship, all to his damage in the sum of $150,000.00.

"As a further result of defendant's negligence, plaintiff Anne E. Plain has been and will be deprived permanently of the serv-

---

[1] Rules of Civil Appellate Procedure, Rule 103.03(i).

[2] 1 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 443.

[3] Plaintiffs sued defendant for their personal injuries, and those claims are not involved in this appeal.

ices of her mother Joan S. Plain and has been and will be deprived permanently of the maternal care, happiness, devotion, support and affection to which she is entitled, all to her damage in the sum of $100,000.00.

"As a further result of defendant's negligence, plaintiff Charles R. Plain has been and will be deprived permanently of the services of his mother Joan S. Plain and has been and will be deprived permanently of the maternal care, happiness, devotion, support and affection to which he is entitled, all to his damage in the sum of $100,000.00."

Three legal issues are here involved. First, whether a husband may recover damages from his wife for loss of consortium when she negligently injures herself; second, whether children may recover damages from their mother for loss of maternal services when she negligently injures herself; third, whether a husband is entitled to reimbursement from his wife for medical expenses which he was obligated to pay on her behalf arising out of her negligent self-injury.

1-a *Consortium*

Reasoning from our decision abrogating interspousal tort immunity,[4] Robert Plain asserts that a husband may recover damages from his wife for her negligent interference with any of his legally protected interests, one of which is consortium.[5] The question is whether that interest is protected as against his own spouse.

A husband's interest in consortium is a right to such services as his wife voluntarily provides him, and the law protects this interest against interference by third parties.[6] However, because the husband's interest is only in services voluntarily provided

[4] Beaudette v. Frana, 285 Minn. 366, 173 N. W. 2d 416 (1969).

[5] Libaire v. Minneapolis & St. L. R. Co. 113 Minn. 517, 130 N. W. 8 (1911).

[6] Guevin v. Manchester St. Ry. 78 N. H. 289, 293, 99 A. 298, 301 (1916); Restatement, Torts, § 693; 41 C. J. S., Husband and Wife, § 401(c)(1); Prosser, Torts (4 ed.) § 125.

him, a wife is not under a legally enforceable duty to provide such services.[7] Consequently, she cannot be held liable for either negligently or intentionally denying him consortium.[8] Were it otherwise, her estate would be liable if she had committed suicide or if she had died as a result of her own negligence in the accident giving rise to this action.

Plaintiffs argue, however, that the abrogation of interspousal immunity [9] has eliminated the requirement that liability be limited to third persons, asserting:

"There is no question that plaintiff husband may maintain an action against his wife for his physical injuries. It follows logically from Beaudette that his claim for consortium is maintainable against his wife. She is in all ways a legal party responsible and liable for her own negligent conduct which invades her husband's legally protected interests and causes damage."

However, Beaudette did not purport to create a new cause of action, or a new tort. It merely did away with a defense to preexisting torts. Plaintiff must first show that his interest in consortium is legally protected as against his wife, which he has failed to do.

1-b *Children's Loss of Maternal Care*

Much of the foregoing discussion applies with equal force to the claims of the children.[10] A child's interest in parental services is not protected against negligent interference even on the part of third parties.[11] Restatement of the Law, Second, Torts,

---

[7] "As between the parties to the marriage, *consortium* plays no part." Lippman, *The Breakdown of Consortium*, 30 Col. L. Rev. 651, 652.

[8] Akers v. Chicago, St. Paul, M. & O. Ry. Co. 58 Minn. 540, 544, 60 N. W. 669, 670 (1894); Jacks v. Jacks, 140 Cal. App. 2d 852, 295 P. 2d 921 (1956); Clark, Domestic Relations, § 10.1; 41 C. J. S., Husband and Wife, § 12. See, Restatement, Torts 2d, § 1, Comment *d*.

[9] Beaudette v. Frana, 285 Minn. 366, 173 N. W. 2d 416 (1969).

[10] Clark, Domestic Relations, § 10.1.

[11] Clark, Domestic Relations, § 10.6; Prosser, Torts (4 ed.) § 125; Recent Decision, 54 Mich. L. Rev. 1023; Eschenbach v. Benjamin, 195 Minn.

Tent. Draft No. 14 (1969) § 707A, provides:

"**§ 707A. ACTION BY CHILD FOR HARM CAUSED BY TORT AGAINST PARENT**

"ONE WHO BY REASON OF HIS TORTIOUS CONDUCT IS LIABLE TO A PARENT IS NOT LIABLE TO A MINOR CHILD FOR RESULTING LOSS OF PARENTAL SUPPORT AND CARE."

We are aware of no authority granting a child a cause of action against a third person for negligent injury to his parent.[12] Nor is there authority to support a cause of action against the parent who negligently injures herself.[13]

### 2 Husband's Claim for Medical Expenses

Plaintiff husband argues that he has been injured economically and that his economic loss deserves protection against his wife's negligence whether or not his interest in consortium gives rise to a valid claim against her. However, we have found no authority supporting such an award. Under the common law, and under Minn. St. 519.05, a husband is liable for all necessities furnished to his wife.[14] Medical expenses are included in the category of necessities.[15] A third party who injures one's wife is ultimately responsible for her medical expenses under the principle

378, 263 N. W. 154 (1935). On this issue, Eschenbach was unaffected by Thill v. Modern Erecting Co. 284 Minn. 508, 170 N. W. 2d 865 (1969). Miller v. Monsen, 228 Minn. 400, 37 N. W. 2d 543 (1949), dealt with one who intentionally enticed a parent to leave a home.

[12] Scruggs v. Meredith, 134 F. Supp. 868 (D. Hawaii, 1955), allowing recovery, was reversed in 244 F. 2d 604 (9 Cir. 1957).

[13] Silesky v. Kelman, 281 Minn. 431, 161 N. W. 2d 631 (1968), dealt only with the abrogation of a defense, and thus is not relevant unless plaintiffs can first show their interest is protected against their mother. This they have not done.

[14] 41 Am. Jur. 2d, Husband and Wife, § 348; Clark, Domestic Relations, § 6.3; 9A Dunnell, Dig. (3 ed.) § 4273.

[15] Boland v. Morrill, 275 Minn. 496, 148 N. W. 2d 143 (1967); Clark, Domestic Relations, § 6.3; 41 Am. Jur. 2d, Husband and Wife, § 369; 41 C. J. S., Husband and Wife, § 60a.

of equitable indemnity.[16] The husband is initially liable for them under Minn. St. 519.05, but the third party is ultimately liable. Under Minn. St. 519.05, as against his wife a husband is both initially and ultimately liable for her necessities.

Plaintiff argues that under Janke v. Janke, 292 Minn. 296, 195 N. W. 2d 185 (1972), a husband has a right to require his wife to reimburse him for his expense in caring for her. There a husband negligently injured his wife and she brought suit against him to recover her medical expenses. We held that he was liable for her expenses himself, and she could not recover unless she paid or assumed liability for them. In essence, plaintiff seeks to place upon his wife the ultimate liability for her own medical expenses. Under Janke and Boland v. Morrill, 275 Minn. 496, 148 N. W. 2d 143 (1967), and Minn. St. 519.05, he is foreclosed from doing so.[17]

Reversed.

---

[16] Plaintiff argues that the principle of equitable indemnity should allow him recovery in this case. However, equitable indemnity operates only when the party from whom indemnity is sought ought, in justice, to bear ultimate liability for a payment. As is indicated in the text, both statutory and common law have decided that, as between husband and wife, it is the husband who should and must bear ultimate liability for his wife's necessities.

[17] See, 41 Am. Jur. 2d, Husband and Wife, § 348; 41 C. J. S., Husband and Wife, § 50, Clark, Domestic Relations, § 6.3. A husband is also economically injured when he is required to provide his wife food, clothing, and shelter. He cannot recover damages from his wife for his expenses in providing those necessities.