PATILLO v. GAMBILL et ux.—124 S. W. (2d) 272.

Middle Section.   October 29, 1938.

Petition for Certiorari Denied by Supreme Court, February 4, 1939.

Holloway & Holloway, of Murfreesboro, for plaintiffs in error.
Jackson & Buckner, of Murfreesboro, for defendant in error.

FAW, P. J.   This is an appeal in the nature of a writ of error by F. F. Gambill and his wife, Lucyle Gambill, from a judgment of the Circuit Court of Rutherford County against them and in favor of Tom Patillo for two thousand dollars, and costs.

Although Gambill and wife are the plaintiffs in error here, we have styled the case in the caption hereof as it appears on our dockets (in order to avoid possible confusion in its identity), and, for convenience of statement, we will herein designate Patillo as plaintiff and Gambill and wife as defendants, according to the respective positions of the parties on the record below.

It is undisputed that, very shortly after nightfall on Saturday, April 24, 1937, there was a collision between a Ford automobile truck owned and driven at the time by plaintiff, and a Plymouth automobile, as a result of which plaintiff suffered serious personal injuries, and his truck was damaged.

It was stipulated at the trial below "that the automobile involved in this accident belonged to and was registered in Rutherford County in the name of the defendant, F. F. Gambill, and was being driven at the time by his wife, Mrs. Lucyle Gambill, and was used as a family car and was on business at the time of the accident for the defendant F. F. Gambill."

The collision occurred approximately six miles north of Murfreesboro, Tennessee, on the highway leading from Murfreesboro to Nashville.   The general direction of this highway is north and south, and it consists of a hardsurfaced pavement eighteen feet wide, and graveled shoulders on either side, three or four feet wide.   Plaintiff was driving northward toward Nashville, and defendant Lucyle Gambill was driving southward toward Murfreesboro.

Plaintiff's declaration contains six counts.   In the first three counts plaintiff sues defendants for five thousand dollars as damages for his personal injuries.   In the last three counts plaintiff sues defendants for five hundred dollars as damages for the injuries to his truck.

The facts which we have mentioned as undisputed are, in substance, stated in the first count of plaintiff's declaration and adopted by appropriate reference in the other counts.

For present purposes, we need not further refer to the declaration, except to state the averments therein by which the plaintiff seeks to charge the defendants with actionable negligence as the proximate cause of the collision and the injuries to his person and his truck.

The first count of plaintiff's declaration contains averments as follows:

"Plaintiff was traveling in his automobile truck upon and over said Highway in a northerly direction, and about six miles north of Murfreesboro and upon his righthand side, or east side of the center of said Highway, and there had been and was other people traveling in automobiles upon and over said Highway in a southerly direction, meeting and passing plaintiff, and the defendant, Mrs. Lucyle Gambill, who was and is the wife of the defendant, F. F. Gambill, was traveling in an automobile belonging to the defendant, F. F. Gambill, in a southerly direction upon and over said Highway, meeting the automobile truck of the plaintiff and she was behind other automobiles, which were meeting and passing plaintiff, when all of a sudden and without notice or warning, the said Lucyle Gambill did veer or steer her automobile to her left and over onto the east side of said Highway in an effort or attempt to pass another automobile in front of her, and in her effort or attempt to pass said automobile in front of her traveling in a southerly direction, as heretofore stated, did veer or steer her automobile to her left and onto the east side of the center of said Highway, and onto plaintiff's right-hand side, and unlawfully, negligently and carelessly ran her said automobile into, upon and against the automobile truck of plaintiff, causing a heavy jar or impact."

In the second count of the declaration it is averred that said Lucyle Gambill violated Section 2686 of the Code of Tennessee, which reads as follows:

"*Passing Vehicles.* The driver of a vehicle shall not drive to the left side of the center line of a road, street or highway in overtaking and passing another vehicle proceeding in the same direction, unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety."

It is further averred (in the second count) that said Lucyle Gambill, the driver of said automobile, violated said statute, in that she attempted to overtake and pass another vehicle proceeding in the same direction that she was proceeding, at a time when the left side of said Highway was not clearly visible and free of oncoming traffic for a sufficient distance ahead for her to overtake and pass said vehicle in front of her in safety.

In the third count of the declaration it is averred that said Lucyle Gambill violated Section 2681 of the Code of Tennessee, which reads as follows:

"*Careless Driving*—It shall be unlawful for any person to drive any vehicle upon any road, street or highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, and without due caution and circumspection at a speed and in a manner so as to endanger or be likely to endanger any person or property."

It is further averred (in the third count) that said Lucyle Gambill violated said statute, in that she was driving said automobile at a fast and reckless rate of speed, and/or was not keeping a proper lookout ahead and/or failed to stay on her right-hand side of said Highway.

The defendants pleaded the general issue—not guilty—and a further plea in which they averred that the plaintiff was guilty of such contributory negligence as would bar a recovery in this cause.

Upon the issues thus made, the case was tried to a jury upon evidence introduced by both parties, respectively, and the jury found the issues in favor of the plaintiff and against both defendants, and assessed plaintiff's damages at $1,875 for personal injuries and $125 for property damages; and the Court accordingly rendered judgment for $2,000 and all the costs of the cause in favor of plaintiff and against the two defendants.

After a motion for a new trial in their behalf had been overruled, the defendants appealed in error to this Court, and have assigned errors here.

There are, numerically, several assignments of error, but when they are analyzed, it is seen that they present but two propositions, viz: (1) that there is no material evidence to support the verdict of the jury, and the Trial Court, therefore, erred in overruling the defendants' motion for a directed verdict in their favor, made at the close of all the evidence; and (2) that the verdict is so excessive as to evince passion, prejudice and caprice on the part of the jury.

There are specific assignments of error through which it is asserted that the evidence introduced by the plaintiff shows that he was guilty of such contributory negligence as to bar his recovery in this case; but this is necessarily included in, and covered by, the first of the two propositions above stated, for if there was undisputed evidence showing that plaintiff was guilty of proximate contributory negligence, the Court should have sustained the motion of defendant for a directed verdict, even though there was a conflict of evidence as to whether defendant Lucyle Gambill was guilty of the actionable negligence averred in the declaration. Knoxville Traction Company v. Brown, 115 Tenn., 323, 331-332, 89 S. W., 319.

The plaintiff, Tom Patillo, was a farmer, fifty years of age, and living at Jefferson Springs in Rutherford County at the time of the trial below. He was on his way from Murfreesboro to his home when the collision occurred. The defendants lived on the Murfreesboro-Nashville Highway about twelve miles north of Murfreesboro, where defendant F. F. Gambill operated a "Garage."

The record contains the testimony of twenty-seven witnesses, including the parties to the cause. We have carefully examined all the evidence, but it would serve no useful purpose to review the tes-

timony of the several witnesses in this opinion. An assignment that there is no evidence to support the verdict of the jury, or an assignment that the Trial Court erred in overruling or sustaining a motion for a directed verdict, presents a question of law, and not a question of fact. Ray v. Crain, 18 Tenn. App., 603, 609, 80 S. W. (2d), 113, and cases there cited. Section 10620 of the Code, requiring the Court of Appeals to file written findings of fact, has no application to a case tried by a jury. DeKalb County v. Tennessee Electric Power Company, 17 Tenn. App., 343, 353, 67 S. W. (2d), 555; Finchem v. Oman, 18 Tenn. App., 40, 49, 72 S. W. (2d), 564.

The evidence presents two distinct and contradictory contentions with respect to the cause of the collision in question. These conflicting contentions of the parties are well stated by the learned Trial Judge in his charge to the jury, as follows:

"In this case you have two propositions, two questions, one is whether or not the defendant, Mrs. Lucyle Gambill, was negligent or actionably negligent, or guilty of such negligence as contributed directly to and was the proximate cause of this accident, and the other question you have to decide and determine is, whether or not the plaintiff himself was negligent, whether he was guilty of negligence that contributed to the accident directly and proximately. If he was he couldn't recover damages. If both the plaintiff and Mrs. Gambill were negligent and the negligence of the two concurred and together caused this accident, why the plaintiff couldn't recover; that is, if the plaintiff was guilty of contributory negligence he couldn't recover damages. And it is insisted by the defendants that the plaintiff was guilty of contributory negligence.

"Negligence ordinarily means the failure to exercise ordinary care, that is, such care as an ordinarily prudent person would exercise under circumstances similar to those shown by the evidence in this case. In other words, ordinary care is that degree of care which a person of reasonable prudence would exercise under a given state of facts and may consist of what one of reasonable prudence would do under similar circumstances or would refrain from doing. Did Mrs. Gambill exercise ordinary care in driving and operating her husband's automobile on the highway in the nighttime; did she do what an ordinarily careful and prudent person would have done under such circumstances; and did the plaintiff exercise ordinary care?

"By taking his theory of the case, his contention about the case, he says that he stopped after he had crossed the bridge over Overall Creek, pulled out on the shoulder of the road and put up a chain which had been dragging down on the highway, and that he got in the car, or the truck, and started when there were other vehicles, motor vehicles, trucks and cars approaching from the opposite direction. Did he do what an ordinarily careful and prudent man would have done in that situation? That is a question for the jury.

"Contributory negligence is the want of ordinary care upon the part of the person injured by the actionable negligence of another, combining and concurring with that negligence and contributing to the accident and resulting injuries as a proximate cause thereof, without which the accident would not have occurred.

"It is the contention of this plaintiff, Tom Patillo, that he was traveling in a Ford truck, Model A. Ford truck, on the Murfreesboro and Nashville highway, going in a northerly direction; that he had some seed and other things in the truck, and that when he got down to the place on the highway where the bridge is over or across Overall Creek, a chain was dragging on the highway, being a chain that was attached to a pair of wire stretchers, and after he got across the bridge on the north side he stopped his truck, stopped it with the two right-hand wheels on the shoulder and two left-hand wheels on the paved part of the road, and got out of his truck and put up the chain and looked at the lights and looked at the tires, and then got back in the truck and started it in low gear and then went up to second gear and as he was proceeding in second gear and back on the paved part of the road he saw the defendant, Mrs. Gambill, coming from the opposite direction in the automobile which she was driving, and it was the automobile of her husband; that she was driving at a fast and reckless rate of speed, and as he expressed it, at 'terrific rate of speed,' and that she was weaving in and out on the highway, passing trucks and automobiles going in the same direction she was going, and that she passed one automobile at that high rate of speed just immediately before she arrived at the place where the plaintiff was; and that in passing this automobile she pulled over to her left and on plaintiff's side of the road and out on the shoulder of the road, or almost on the shoulder of the road, and at about that time the plaintiff, as he insists, was meeting another automobile going toward Murfreesboro; and that Mrs. Gambill, the defendant, being in that situation and running her automobile at a high rate of speed and on the plaintiff's side of the road, the east side of the road, didn't have room or space to pass the plaintiff's truck or get between the plaintiff's truck and the automobile which was immediately ahead of her and which the plaintiff was about to pass; and that she negligently and carelessly got into that situation and ran her automobile into and against the truck of the plaintiff—the plaintiff seeing or believing that there was about to be a head-on collision, pulled shortly to his left and over towards his left-hand side of the road and the accident then occurred. That is the contention of the plaintiff and that it was all the fault of Mrs. Gambill and not any of his fault, as the plaintiff insists.

"If you find that this contention of the plaintiff is supported by the preponderance of the evidence in this case then your verdict should be in favor of the plaintiff.

"The defendant's contention is that she was coming to Murfreesboro and that she was driving her husband's automobile and on business for him and that she was a careful driver and was driving at that time carefully although at a rather fast rate of speed, but not a reckless rate of speed; that she did pass certain trucks on the highway, or other vehicles, but that she had her car under control, had it fully under control; and that before she got to the place of the accident she was back on her right-hand side of the road, although she passed certain other cars, but before she got to the place of the accident she was back on her right-hand side of the road and had slowed down from the speed which she had in passing the other cars, and that immediately before this accident she was not running at a fast rate of speed, but at a moderate rate of speed and on her side of the road; that the plaintiff was coming from the opposite direction and his truck was wobbling in the road and that Mrs. Gambill continued to drive her car on her side of the road and as far over to her right-hand side as she could possibly drive it with safety, seeing the plaintiff coming and wobbling in his driving, or driving unsteadily, and that as they were about to meet (the two cars) and pass, as the defendant insists, the plaintiff pulled over in front of her and over on her side of the road immediately in front of her, and then to avoid a head-on collision, as she insists, she pulled shortly to the left and the accident occurred, but on her side of the road. The defendants' insistence is that the accident resulted proximately from the negligence of the plaintiff and not from any negligence or carelessness on the part of the defendant, Mrs. Gambill.

"If you find that this contention of the defendants is not overcome or overturned by the preponderance of the evidence, then your verdict should be in favor of the defendants."

There is substantial evidence in the record which, if true, supports the contention of the plaintiff as that contention is stated in the charge of the Trial Judge above quoted, and the verdict implies that the jury accepted such evidence as the truth of the case.

If there was evidence which required the submission of the case to the jury, over the motion of defendant for peremptory instructions, there was necessarily some material evidence to support the verdict.

It is a well settled rule, arising out of the constitutional right of trial by jury, that, in disposing of a motion for a directed verdict, the trial judge must take the most favorable view of the evidence supporting the rights asserted by the party against whom the motion is made, and disregard all countervailing evidence. Wildman Mfg. Co. v. Davenport Hosiery Mills, 147 Tenn., 551, 556, 249 S. W., 984; Elmore v. Thompson, 14 Tenn. App., 78, 81.

It is said in the brief for defendants that certain testimony of the plaintiff with respect to the manner in which the collision oc-

curred is "of such a nature as would be unbelievable," and "is not the character of evidence upon which this Court should sustain a verdict in his behalf." "The credibility of the witnesses is peculiarly a matter for the jury to determine, and if the witnesses have given substantial testimony bearing on the issues, to which the jury might, in the proper exercise of its functions, give credit, it is error for the court to direct a verdict in opposition to such testimony on the ground that the witnesses are unworthy of belief." Finchem v. Oman, supra, page 50, 72 S. W. (2d), page 570.

The issues in the instant case were, first whether defendant Lucyle Gambill was guilty of actionable negligence as averred in plaintiff's declaration, and, if it was so found, second, whether the plaintiff was guilty of proximate contributory negligence.

Defined in general terms, negligence is a lack of ordinary care, and "ordinary care" has been defined as follows:

"Ordinary care is that degree of care which a person of reasonable prudence would exercise under a given state of facts appearing in the evidence in a cause, or in a state of facts similar thereto. This ordinary care may be positive or negative; that is, it may consist of what a person of reasonable prudence would have done under the same or similar circumstances, or of refraining from doing what he would have refrained from doing under these circumstances. What a person of reasonable prudence would have done under the same or similar circumstances must be determined by the jury from their knowledge of mankind, and of how persons of reasonable prudence usually deport themselves in relation to their surroundings." Nashville, C. & St. L. Railroad v. Wade, 127 Tenn., 154, 158, 159, 153 S. W., 1120, 1121, Ann. Cas., 1914B, 1020.

Whether the defendant Lucyle Gambill or plaintiff Patillo exercised ordinary care in the circumstances disclosed by the present record was a question for the jury.

"The question of contributory negligence, as well as the question of negligence, is ordinarily for the jury. Even though the facts be undisputed, if intelligent minds might draw different conclusions as to whether, under circumstances conceded, the conduct of a plaintiff was that of an ordinarily prudent man, the matter should be left to the jury. The court should draw no inference when in doubt, but only in those cases where the evidence is without material conflict, and such that all reasonable men must reach the same conclusion therefrom. It is only in cases where the evidence is susceptible of no other fair inference that the court is justified in instructing the jury, as a matter of law, that the plaintiff has been guilty of contributory negligence which would bar his recovery." Carey Roofing & Mfg. Co. v. Black, 129 Tenn., 30, 36, 37, 164 S. W., 1183, 1185, 51 L. R. A. (N. S.), 340.

█ As before indicated, the evidence in the instant case was not without material conflict, and was not such that all reasonable men must reach the same conclusion therefrom; hence it was proper that the case be submitted to the jury, and the verdict of the jury, approved by the Trial Judge and rendered upon a charge to which there is no exception, is conclusive on this Court.

█ This leaves for disposition only the assignment of error that the verdict is so excessive as to evince passion, prejudice and caprice on the part of the jury.

No effort has been made by the learned counsel for the defendants in their brief to point out any insufficiency in the testimony of the plaintiff, the plaintiff's wife, and the physician who attended plaintiff, to show that two thousand dollars was fair and reasonable compensation for the injuries resulting to plaintiff from the collision in question.

All that is said for support of the assignment that the verdict is excessive is as follows:

"Passing now to the other assignment with reference to the excessiveness of the verdict, while it is shown that injuries were received by the plaintiff, his physician states that none of the injuries were permanent, but the point which we are seeking to impress upon the court, is, that if the contributory negligence of the plaintiff should not completely bar his recovery it was so gross and flagrant as that it should reduce the amount of his recovery to purely a nominal sum."

We understand from the above quoted statement in the brief that the main insistence is that the verdict should be reduced by this Court because of contributory negligence of the plaintiff. As already indicated, such an inquiry is foreclosed by the verdict of the jury.

It results that the defendants' assignments of error are overruled and the judgment of the Circuit Court is affirmed. Judgment will be entered here in favor of the plaintiff, Tom Patillo, and against the defendants, F. F. Gambill and his wife, Lucyle Gambill, for two thousand dollars, with interest thereon from the date of the final judgment below (November 15, 1937), and for the costs of the cause accrued in the Circuit Court.

The costs of the appeal will be adjudged against the defendants and the surety on their appeal bond.

Crownover and Felts, JJ., concur.