REA CONST. CO. v. LANE et al.—152 S. W. (2d) 1033.

Middle Section. February 17, 1941.

Petition for Certiorari denied by Supreme Court, June 28, 1941.

C. G. Milligan, of Chattanooga, for plaintiff in error.

Williams & Williams, of Chattanooga, and Walter M. Haynes, of Winchester, for defendants in error.

HOWELL, J.   This is a suit for damages growing out of the death of a five-year old child of the plaintiffs, M. L. Lane and wife, against the defendant Rea Construction Company which occurred in the town of Charleston, in Bradley County, Tennessee, near the child's home, when a heavy weight, at the base of a road-grading machine, fell upon the child and killed him.   The defendant construction company was engaged in the construction of an approach to a bridge over the Hiwassee River and the machine in question was used in connection with this construction work.   This particular machine was a heavy plow mounted on wheels, back of which was an iron base with large blades or teeth attached, and having a large iron tongue by means of which it was coupled with a tractor when in use.   The machine was ordinarily called a rooter.   This tongue was attached to the frame which held the base and was kept in place by a bolt that was

intended to have a nut on it. The bolt in this machine at the time of the accident did not have the nut and the operator of the machine had wrapped the nut end of the bolt with a small piece of wire. The machine had been received for use at the job the evening before and had been parked on Hiwassee Street in Charleston, in front of the home of the superintendent of the work and on the same road near the home of the plaintiffs. The next day some children including the deceased were playing on and around this rooter and some one removed this bolt releasing the base when it fell upon the child, killing him.

The first count of the declaration is based mainly upon the alleged negligence of the defendant and its agents in parking this rooter with the tongue on the ground carelessly bolted to the frame so that it was in balance and could be easily tipped backward causing the rear part or base, with the teeth in it, to fall downward.

The second count charges that the leaving of this machine at this place and in this manner constituted a nuisance.

The defendant filed a plea of not guilty and the case was heard by the Circuit Court and a jury at Winchester, Tennessee, and resulted in a verdict for the plaintiffs for $15,000 which was afterwards, upon a motion for a new trial, reduced by the Court to $7,500 and the motion overruled and judgment entered. The defendant was granted an appeal in the nature of a writ of error which it perfected and has assigned errors.

The first two assignments of error are that there is no evidence to support the verdict and the Court should have granted the motion for a directed verdict.

It is not insisted by the defendant that the child itself was guilty of contributory negligence but it is claimed that the parents, the plaintiffs herein, were negligent in their care of the child and thus contributed to its death.

The proof was that this work had been going on for some days and that this rooter had been parked in the road the night before the accident and there is no proof that the mother knew this machine was there. The father was not at home. There is no direct or affirmative proof of any negligence on the part of the mother and the jury so found.

■ There is ample evidence in the record upon which the jury could have found that the defendant was negligent in leaving this machine in the condition described above upon this road near the home of the deceased.

The leading case applicable to the facts herein is Doyle v. City of Chattanooga, 128 Tenn., 433, 161 S. W., 997, 999, Ann. Cas., 1915C, 283. In that case the Court said:

"In the case at bar, the attractive object was in a place (within the limits of a public street) where a child had a right to go, on invita-

tion such as is impliedly given to the public at large. A trespass could not be imputed to an approach to or use of such a public street. The city cannot be heard to say that the boys were without invitation to go upon the street. Therefore the point of difficulty with some courts in granting remedy in cases of the character noted does not here appear.''

There are many reported cases in this State upon the subject and we do not deem it necessary to discuss them here. The rule is as said by Judge Felts in Anderson v. Peters et al., 22 Tenn. App., 563 on page 570, 124 S. W. (2d), 717, on page 722, after referring to many cases:

''The distinguishing feature in all these cases is that the piles of lumber or timber or the instrumentalities causing the injury were upon a public street or sidewalk where children had a right to be and where their presence should have been anticipated and precautions taken to protect them from injury.''

The third assignment of error is that the verdict as reduced is excessive.

From an examination of many similar cases we do not think this verdict as reduced is excessive under the facts of this case.

The fourth assignment of error complains that the trial judge committed error in that he charged the jury that there was no evidence upon which to base the allegations in the declaration that the defendant had been negligent in employing incompetent servants and in failing to keep a watchman at this machine or to post signs upon it and then in saying:

''There was, in the Court's opinion no evidence to sustain these allegations of negligence, and the Court has eliminated those allegations from your consideration. So in stating the contents of the declaration any reference to those particular acts of negligence will be omitted.''

And in failing to charge that he was expressing no opinion as to whether or not other allegations of negligence were supported by the proof. We do not see how this could be construed as any expression whatever by the Court of any impression or conclusion as to the weight or sufficiency of other evidence.

The fifth assignment of error is based upon newly discovered testimony in that the witness Arnold Liner might have explained more fully what he meant by some of the testimony in this deposition with reference to the photographs of the machine involved. This does not seem to us to be newly discovered testimony. This deposition was taken more than ten days before the trial of the case begun. Any additional testimony by the witness Liner would have been cumulative and explanatory of what he had said, and as said by Judge Kelly in his opinion ''there is not such showing as would probably change the result.''

In Travis v. Bacherig, 7 Tenn. App., 638, on page 645 the Court said:

"The denial of a motion for a new trial on account of newly-discovered evidence will not be disturbed on appeal, unless there has been an abuse of the discretion by the trial judge. See Moore v. State, 96 Tenn., 209, 33 S. W., 1046. Newly-discovered evidence must be of such character as to convince the court that an injustice has been done and that a new trial will change the result. See Tabler v. Conor, 1 Baxt. 195; Demonbreun v. Walker, 4 Baxt., 199; Sharp v. Treece, 1 Heisk. [446], 447."

See, also, Darnell v. McNichols, 22 Tenn. App., 287, 122 S. W. (2d), 808.

The assignments of error by the Rea Construction Company are therefore overruled.

The plaintiffs below have assigned as error the action of the trial court in suggesting the remittitur from $15,000 to $7,500, and insist there is no evidence to justify same and the court erred in that its action was contrary to section 8987 of the Code of Tennessee which provides:

"Suggested remittitur may be made under protest; appeal; judgment of court of appeals.—In all jury trials had in civil actions, after the verdict has been rendered, and on motion for a new trial, when the trial judge is of the opinion that the verdict in favor of a party is so excessive as to indicate passion, prejudice, corruption, partiality, or unaccountable caprice on the part of the jury, and a remittitur is suggested by him on that account, with the proviso that in case the party in whose favor the verdict has been rendered refuses to make the remittitur, a new trial will be awarded, the party in whose favor such verdict has been rendered may make such remittitur under protest, and appeal from the action of the trial judge to the court of appeals; and if, in the opinion of said court of appeals, the verdict of the jury is not so excessive as to indicate passion, prejudice, partiality, corruption, or unaccountable caprice on the part of the jury, and the judgment of the trial court is correct in other respects, the case shall be reversed to that extent, and judgment shall be rendered in the court of appeals for the full amount originally awarded by the jury in the trial court."

In suggesting the remittitur the Court said:

"There is merit in Defendant's 3rd assignment. Lawyers, in death cases, particularly, can with reasonable certainty say what is just compensation. Unfortunately, juries do not have the benefit of measures afforded by the cases. With little to guide them, they have to do the best they can. Courts can't disregard the precedents leave the matter wholly with the jury, however, much they may like to. In children's cases, our Courts have approved verdicts from $5,000.00 to $10,000.00 depending upon age, etc.

130

"The Court is of the opinion that this verdict is excessive by $7,500.00 and, if a remittitur of this amount is accepted, this ground of the motion will also be overruled.

"If not accepted, this ground will be sustained and a new trial granted."

This matter is settled by an opinion by Judge Felts in the case of Harrison v. Graham, 21 Tenn. App., 189, 107 S. W. (2d), 517, 520, in which he says:

"Plaintiff's acceptance of the remittitur, though under protest, bound him, because it does not appear that the trial judge ordered the remittitur upon the ground that he thought the verdict was so excessive as to indicate passion, prejudice, corruption, partiality, or unaccountable caprice upon the part of the jury, which is the only case where a plaintiff can accept a remittitur under protest and save the question in the appellate court. Yarbrough v. Louisville & N. R. R. Co., 11 Tenn. App., 456, 460."

This assignment of error is therefore overruled.

It results therefore that all assignments of error are overruled and a judgment will be entered here for the plaintiffs below against the defendant for $7,500 and interest from the date of the judgment in the Circuit Court and the cost of the cause.

Affirmed.

Crownover and Felts, JJ., concur.