## CADLE v. CADLE.—191 S. W. (2d) 561.

Middle Section.   October 27, 1945.

Petition for Certiorari denied by Supreme Court, January 19, 1946.

A. R. Hogue, of Jamestown, for plaintiff in error.

J. B. Regan, of Jamestown, for defendant in error.

HOWELL,. J.   This is a divorce suit originally filed by Clarence Cadle against his wife Lorene Cadle.   The defendant filed an answer and cross-bill in which she denied the allegations as to adultery contained in the bill and charged the cross-defendant with cruel and inhuman treatment and prayed for a divorce and for support of their three minor children.

Upon the hearing the trial Court found that the charges of the original bill were not sustained by the proof and that the evidence fully sustained the charges of .the cross-bill, granted the cross-complainant an absolute divorce, the care and custody of the children, and ordered the original complainant to pay to the Clerk of the Court each month the sum of $45 for the support of the children, their custody being given to cross-complainant.

The complainant and cross-defendant, Clarence Cadle, has perfected an appeal from this decree to this Court and has assigned errors.

It is insisted for appellant that the judgment of the trial Court is erroneous because the preponderance of the evidence favors the cross-defendant and it is not supported by the pleadings in that there are no specific allegations of cruel and inhuman treatment in the cross-bill.

We have carefully examined the bill of exceptions and the entire record and the trial Court, who heard and saw the witnesses, was amply justified in finding the facts in favor of the cross-complainant.   The original complainant, a young man 26 years of age when he testified, had married the defendant in 1937 and they had three children at the time he was inducted into the United States Army in May, 1944.   He was discharged in January, 1945. He was in a hospital six months before being discharged and had three operations.   The defendant had visited

him twice while he was in a hospital at Camp Wolters, Texas. While he was in the Army the defendant received her allotments of complainant's pay, some of which she sent to him. The original bill charged among other things that when he returned he found from information that his wife had been untrue to him, and had been associating with men of bad character, and had contracted a venereal disease, and is now taking treatment for such disease, and she had admitted to complainant that it was true that she had contracted the disease, and it was further charged on information and belief that she entertained men at her home while complainant was in the armed service of the United States, wrote love letters and received love letters from men, which letters would be produced and shown to the Court on rehearing. Complainant therefore charged that the defendant has been guilty of acts of adultery with divers persons unknown to the complainant since his induction into the armed services and has been untrue to her marriage vows.

The answer of the defendant denied all these charges except that she had contracted a venereal disease and this she admitted, averring that ''it came from complainant and was communicated to defendant by complainant'' before he was inducted into the Army.

The fact that complainant charged the defendant with adultery and had failed to prove it and the allegation that he had communicated a venereal disease to her were sufficient to support her charge of cruel and inhuman treatment as contained in the cross-bill.

There are numerous authorities for the statement that false and malicious charges of adultery may amount to such cruel and inhuman treatment as to render cohabitation with the complainant unsafe and improper and to offering such indignities to her person as to

render her condition intolerable and justify her withdrawal.

See Watson v. Watson, 25 Tenn. App. 28-34, 149 S. W. (2d) 953; Lyle v. Lyle, 86 Tenn. 372, 6 S. W. 878; McLanahan v. McLanahan, 104 Tenn. 217, 56 S. W. 858; Parks v. Parks, 158 Tenn. 91, 11 S. W. (2d) 680.

We are therefore of the opinion that the charges of adultery by the complainant, which were not proven, and her charge that he had communicated a venereal disease to her which she testified was true, constituted charges of cruel and inhuman treatment justifying the trial Court, after seeing and hearing the witnesses, in finding that cross complainant had sustained her bill and was entitled to a decree for divorce.

The complainant had a fair and full hearing of his case by the trial Court and upon full consideration of the assignments of error and arguments of counsel we find no error justifying any modification of the decree.

The assignments of error are overruled, the decree of the Circuit Court is affirmed and the cause remanded for the enforcement of the decree.

The appellant and the sureties upon his bonds will pay all the costs.

Affirmed and remanded.

Felts and Hickerson, JJ., concur.