EZELL v. POST SIGN CO., INC., et al.—
205 S. W. (2d) 13.

Middle Section.   July 26, 1947.

Petition for Certiorari denied by Supreme Court, October 3, 1947.

Roy A. Miles, of Nashville, for Houston Ezell.

Levine & Levine, of Nashville, for Post Sign Co., and F. H. Cude.

HICKERSON, J.   Houston Ezell filed this suit against F. H. Cude and Post Sign Company, Inc., to recover damages for personal injuries and property damage which resulted to him from a collision between his automobile and defendants' truck.   The cause of action was was stated in a declaration of several counts, as follows: (1) Excessive speed under the existing conditions; (2) Failure to have the truck under proper control; and (3) Carelessly and negligently driving the truck into the door of plaintiff's car.

Defendants pleaded the general issue.

The jury returned a verdict in favor of plaintiff and fixed his damage at $5,075. Judgment was entered on the verdict.

The trial judge suggested a remittitur of $2,500 which plaintiff accepted under protest; thereupon the motion for new trial was overruled and final judgment was entered in favor of plaintiff for $2,575.

Plaintiff and defendants appealed in error to this court. Plaintiff complains of this remittitur. Defendants complain of the judgment.

Defendants' assignments of error make three questions:

(1) Should the case have been submitted to the jury on the question of defendants' negligence?

(2) Should the case have been submitted to the jury on the question of plaintiff's contributory negligence?

(3) Was the verdict so excessive as to indicate passion, prejudice, or caprice on the part of the jury?

■■ When considering a motion for directed verdict, the trial judge should take the most favorable view of the evidence supporting the rights of the party against whom the motion is made and disregard all countervailing evidence. If there is a material conflict in the evidence, the questions of negligence and contributory negligence must be submitted to the jury. Wildman Manufacturing Co., v. Davenport Hosiery Mills, 147 Tenn. 551, 249 S. W. 984; Prudential Insurance Co., of America v. Davis, 18 Tenn. App. 413, 78 S. W. (2d) 358; Patillo v. Gambill, 22 Tenn. App. 485, 124 S. W. (2d) 272.

There is material evidence in this case to support the following facts: Plaintiff parked his automobile on the south side of Union Street in the City of Nashville between Fifth Avenue and Fourth Avenue. This automo-

bile was parked parallel with the curbing and against the curbing. Cars are only allowed to park on the south side of Union Street at this point. There is room for three cars to move abreast along Union Street outside of this parking zone.

Plaintiff's car was parked near the intersection of Union Street and Fourth Avenue. The rear bumper of it was against the front bumper of a car parked in like manner immediately behind plaintiff's car. Plaintiff crossed over these bumpers at the rear of his car and walked to the left door of it. This door was next to the traffic in the street for his car was headed east.

Plaintiff looked toward the west and saw no motor vehicle approaching. He opened the door of his car, said a word or two to a friend, and started to enter the car under the steering wheel from the left side. His left hand was on the open door, and his right hand was on the steering wheel. While in this position, defendants ran their truck into the open door of plaintiff's car, caught his hand between the door of his car and the truck of defendants, and severly injured his hand.

The driver of defendants' truck did not see the open door of plaintiff's car, nor plaintiff, before the truck struck him; although there was nothing to prevent his seeing them. At the time of the collision, defendants' truck was being operated at a speed of 15 to 20 miles an hour. Union Street at this point is a busy street and much traveled.

In overruling the motion of defendants for a directed verdict the court said: "Mr. Levine, I think this raises a question unquestionably for the jury. He says that he walked on the bumper, came over to that position at the door; that he looked and saw no on-coming traffic, and

he went there and had opened this door when he was hit by this truck. Contributory negligence does not stand out, as I view the facts in this case, to an extent that a court, as a matter of law, would be warranted in reaching the conclusion that contributory negligence on the part of this plaintiff caused directly and contributed to this accident. I think, under the facts, it is a matter for the jury."

█ We concur in the foregoing views which were expressed by the trial court. The questions of negligence and contributory negligence were properly submitted to the jury.

Was the judgment excessive?

The hand of plaintiff was badly torn and mangled. He suffered intense pain. For several weeks he carried his arm in a sling. The knuckle of one finger is permanently misplaced, causing a depression on the back of the hand and a knot in the palm of the hand. The grip in the hand is greatly diminished.

█ This court gives great weight to the verdict of a jury which is approved by the trial judge if there is no showing of fraud or corruption. Phillips v. Newport, 28 Tenn. App. 187, 187 S. W. (2d) 965; Town of Clinton v. Davis, 27 Tenn. App. 29, 177 S. W. (2d) 848.

█ █ There is an added weight to the judgment of the trial court when, as here, the circuit judge, by way of remittitur, reduced the amount of the damage fixed by the jury. We are fully satisfied that the judgment of $2,575 in this case is not excessive.

The assignments of error in behalf of defendants are overruled.

Plaintiff assigns as error the action of the court in suggesting the remittitur.

The only two grounds of the motion for new trial of defendants which were directed to the amount of the verdict were:

"Eighth: Because the verdict is so excessive as to show passion, prejudice, and caprice on the part of the jury.

"Ninth: Because the verdict is so excessive as to show passion, prejudice, and caprice as against the defendants as to show that the entire action of the jury was based on prejudice as against the defendants and their finding for the plaintiff on the facts was not the result of the consideration of the facts but purely a result of their prejudice, passion or caprice as against the defendants."

The court overruled these grounds of the motion for new trial. The final judgment of the court provides: "Upon consideration of said motion and after argument of counsel, the court being of the opinion that the verdict of the jury in favor of the plaintiff in the amount of $5,075.00 was excessive to the extent of $2,500.00, the court was therefore pleased to grant a remittitur on said verdict of the sum of $2,500.00 to $2,575.00, and that in the event the plaintiff did not accept said remittitur that the defendants' motion for a new trial would be sustained and the defendants granted a new trial. Thereupon plaintiff accepted said remittitur under protest, whereupon the court was pleased to order, adjudge, and decree that defendants' motion for a new trial be and the same was overruled."

Wherefore, we have this situation: The trial judge overruled the grounds of the motion for new trial which were based upon the assertion that the verdict was so excessive as to indicate passion, prejudice, partiality,

or caprice on the part of the jury; but suggested the remittitur upon the ground that the verdict was *excessive* only.

The acceptance of this remittitur under protest was binding upon plaintiff and cannot be reviewed by this court. It is only in cases where the remittitur is based upon the ground that the verdict was so excessive as to indicate passion, prejudice, partiality, or caprice on the part of the jury that the statute gives this court the right to review the judgment of the trial court suggesting the remittitur. In all other cases the agreement of plaintiff to accept the remittitur has the effect of an agreed order on the question of the amount of the judgment. The assignments filed in behalf of Houston Ezell must, therefore, be overruled. Code, Sec. 8987; Rea Construction Co. v. Lane, 25 Tenn. App. 125, 152 S. W. (2d) 1033; Sweeney v. Carter, 24 Tenn. App. 6, 137 S. W. (2d) 892; Harrison v. Graham, 21 Tenn. App. 189, 107 S. W. (2d) 517; Chumley v. Anderton, 20 Tenn. App. 621, 103 S. W. (2d) 331; Rice-Stix Dry Goods Co. v. Self, 20 Tenn. App. 498, 101 S. W. (2d) 132.

The judgment of the trial court is affirmed with interest and all costs.

Felts and Howell, JJ., concur.