Jessie Lewis EVANS

v.

Mary Helen EVANS.

Court of Appeals of Tennessee, Eastern Section.

July 27, 1977.

Certiorari Denied by Supreme Court Nov. 7, 1977.

**852**

J. Arnold Fitzgerald, Dayton, for plaintiff.

Allen H. Carter, of Carter & Reid, Athens, for defendant.

## OPINION

SANDERS, Judge.

Both sides have appealed from a Chancery Court decree in a divorce proceeding.

Plaintiff, Jessie Lewis Evans, filed a complaint against the Defendant and Cross Complainant for a divorce on grounds of adultery. The Defendant filed a cross complaint asking for a divorce on the grounds of cruel and inhuman treatment. Each of the complaints sought disposition of their jointly-owned properties. The Plaintiff dismissed his complaint before the case came to trial and the case proceeded to trial on the cross complaint.

The Court granted the Cross Complainant a divorce and made a division of the proper-

ties. He declined to award attorney's fees to the Cross Complainant. The Plaintiff made a .motion for a new trial based on newly-discovered evidence. The Cross Complainant appeared in opposition to the motion. The Court overruled the motion and Plaintiff prayed an appeal. Cross Complainant asked for attorney's fees for defending the motion for a new trial, which were allowed. She also asked for attorney's fees for this appeal, which were denied.

Both sides have appealed and assigned error. The Plaintiff says it was error for the Court (1) to deny his petition to rehear based on newly-discovered evidence; (2) not to hear the newly-discovered evidence; (3) grant Cross Complainant a divorce; (4) award the Cross Complainant one-half of the properties. The Cross Complainant says it was error for the Court not to award attorney's fees for this appeal.

In support of his petition to rehear Plaintiff filed affidavits by his two sons. The affidavit of one son, 13 years of age, stated he knew his mother was dating one, Kitty Ramsey, prior to the divorce. Kitty Ramsey would pick the Defendant up at their home and they would be gone a considerable period of time before returning. The affidavit of the other son, who is 18 years of age, stated the Defendant told him after the divorce she had been dating one, Fred Hayes, prior to the divorce.

Plaintiff says he had no way of obtaining this information prior to trial. He insists this evidence, if offered on a trial, would be grounds for the Court to grant him a divorce and if he were granted a divorce the Defendant would not be entitled to any of their properties under T.C.A. § 36–826.

The most recent case we have been cited to concerning newly-discovered evidence is the case of *Serv-U-Mart, Inc. v. Sullivan County,* Tenn., 527 S.W.2d 121 (1975). In that case the court said:

"The discovery of new evidence which could not have been previously discovered by due diligence may be the ground for a

rehearing in Chancery, but such evidence must be pertinent to the issue raised by the pleadings. If new facts are discovered constituting a new issue not asserted at the trial, they may be brought before the Court by a supplemental bill in the nature of a bill of review, but again, only if the new proof could not possibly have been used at the trial."

■ Although the Court could have considered the newly-discovered evidence in passing upon the merits of the Cross Complainant's grounds for divorce, he could not have granted the Plaintiff a divorce. The Plaintiff had dismissed his bill and affirmative relief could have been granted to him only under Rule 60 of the Rules of Civil Procedure in the nature of a bill of review.

■ Plaintiff states in his affidavit that "at all times the plaintiff, affiant, has tried diligently to get all matters before this Court, affecting a particular case, but did not learn of the matters that would be taken up with this Court on a new trial of the matter until after the prior trial." Plaintiff's attorney also filed an affidavit in which he said, ". . .. At all times both before and after the trial of this case that affiant has been diligent in his search for information for all facts to properly be before the court in this case." Plaintiff fails to give any particulars as to what his efforts were to obtain, before the trial, the type of evidence he has now discovered.

In the case of *Travis v. Bacherig*, 7 Tenn. App. 638, 646, the court said:

"The defendant's affidavit does not state any facts showing due diligence on his part. He merely stated that he had made diligent search and inquiry before the trial for witnesses. This is not sufficient. His affidavit must show reasonable diligence, that is, ordinary diligence to obtain the evidence before the trial. A mere statement of due diligence is not sufficient, but the facts constituting diligence must appear, and the facts must be specifically set out. Mere general statement that affiant inquired among persons likely to know, is not sufficient, the particulars must be shown. See *Ross v. State*, 130 Tenn., 392, 170 S.W., 1026."

■ The trial court has wide discretion in matters of denying a new trial based on newly-discovered evidence. *Zirkle v. Stegall*, 163 Tenn. 323, 43 S.W.2d 192. The denial of a motion for a new trial or petition to rehear based on newly-discovered evidence will not be disturbed on appeal unless there has been an abuse of discretion by the trial court. *Rea Const. Co. v. Lane*, 25 Tenn.App. 125, 152 S.W.2d 1033.

Plaintiff's first and second assignments of error are overruled.

Plaintiff's third assignment of error is the Court erred in holding the Defendant and Cross Complainant was entitled to a divorce because the acts of the Plaintiff upon which she relied were committed several months before suit was filed. One of the acts of the Plaintiff upon which the Cross Complainant relies occurred in February and another occurred around March or April before the cross complaint was filed in September. The Defendant testified that in February following an argument the Plaintiff put her out of the automobile on the highway after night and left her. In March, April or May he slapped her and choked her. Plaintiff argues that after his acts of alleged mistreatment of the Defendant they had lived together and she had forgiven or condoned his conduct and could not now rely upon it as grounds for divorce.

Plaintiff relies upon the case of *Humphreys v. Humphreys*, 39 Tenn.App. 99, 281 S.W.2d 270, in support of his contention. This case does no more than reiterate the well-settled rule in this jurisdiction that cruel and inhuman treatment may be forgiven and may not thereafter be relied upon as a ground for divorce unless there is some new act to revive it. *Murrell v. Murrell*, 45 Tenn.App. 309, 323 S.W.2d 15.

■ In his original complaint the Plaintiff says, ". . . the defendant is

guilty of adultery on many occasions." No proof was offered to support this allegation. It is a well-settled rule in this jurisdiction that falsely accusing a wife of adultery constitutes cruel and inhuman treatment. *Cadle v. Cadle*, 28 Tenn.App. 498, 191 S.W.2d 561.

If there had been a forgiveness of Plaintiff's conduct by the Defendant his unsupported accusation of adultery would have constituted a revival. Plaintiff's third assignment of error is overruled.

Plaintiff's fourth assignment is the Court erred in awarding the Defendant one-half of their property.

The Plaintiff and Defendant were married for 28 years. Through their joint efforts they had accumulated an estate worth approximately $250,000. The Court awarded properties worth approximately one-half of this amount to each of the parties.

T.C.A. § 36–825 gives the court wide discretion to adjust and adjudicate the respective rights and interests of the parties in all jointly-owned property. In the case of *Kittrell v. Kittrell*, 56 Tenn.App. 584, 409 S.W.2d 179, the court said the statute should be "broadly construed and liberally applied to accomplish its objective."

Under the facts in the case at bar we cannot say the Court abused his discretion. Plaintiff's fourth assignment of error is overruled.

The Defendant's assignment of error is the Court erred in not awarding her attorney's fees for this appeal.

The proper place for awarding attorney's fees lies with the trial court. *Folk v. Folk*, 210 Tenn. 367, 357 S.W.2d 828. However, it would have been premature for the Court to have awarded attorney's fees for this appeal prior to its being perfected.

Defendant's assignment of error is overruled.

The decree of the Chancellor is affirmed and the cost of this appeal is taxed one-half to the Plaintiff and one-half to the Defendant.

The case is remanded for the purpose of permitting the Trial Court to fix such attorneys' fees, if any, which he deems proper for this appeal.

PARROTT, P. J. (E. S.), and GODDARD, J., concur.