# IN THE COURT OF APPEALS OF TENNESSEE

## AT NASHVILLE

**FILED**

December 3, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| ANN S. WING, | ) | DAVIDSON CIRCUIT |
| | ) | |
| Plaintiff/Appellant | ) | NO. 01A01-9712-CC-00752 |
| | ) | |
| v. | ) | HON. MARIETTA M. SHIPLEY |
| | ) | JUDGE |
| JAMES E. WING, | ) | |
| | ) | |
| Defendant/Appellee | ) | AFFIRMED |

Carol L. Soloman and Thomas F. Bloom, Nashville, for Appellant.
F. Dulin Kelly, Hendersonville, for Appellee.

## O P I N I O N

INMAN, Senior Judge

This is a domestic relations dispute involving money only. The trial court held that a certificate of deposit and one investment account were the separate property of Husband and declined to award Wife alimony or the total amount of her attorney fees. She appeals and presents these issues for review.

Our review of the findings of fact made by the trial Court is *de novo* upon the record of the trial Court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. TENN. R. APP. P., RULE 13(d); *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26 (Tenn. 1996).

The parties were married in 1972. Wife was never employed for wages during the marriage, into which she brought an unencumbered residence and

$9,000.00 cash. Husband owned 400 acres of undeveloped land in Stewart County, which he sold in different tracts at varying times during the marriage.

Husband was gainfully employed by the Water Department of Metro Nashville in 1972. He was paid weekly, and habitually deposited $200.00 of his salary, giving the remainder to Wife except for an amount necessary for his personal expenses which would accrue the succeeding week.

Husband was awarded a certificate of deposit for $25,000.00, upon a finding that it was his separate property because the funds were generated from the sale of the Stewart County acreage.[1] Husband was also awarded his Nations Securities account of $31,431.13, upon a finding that these funds were mostly generated by the sale of the acreage.

Wife was awarded an IRA of $13,500.00, a certificate of deposit of $10,000.00, the net proceeds from the sale of her residence of $45,000.00, a "liquid account" of $10,000.00, one-half of Husband's vacation pay, and $996.67 as her share of Husband's pension.[2]

The marital estate aggregated $105,000.00, of which $70,500.00 was awarded to Wife, plus $30,000.00 as her separate property, and $1,126.00 monthly alimony and attorney fees of $5,000.00.

Husband was awarded $33,721.00 as his share of the marital estate, one-half of the EE bonds, and his separate property, as previously mentioned.

The trial judge observed that the parties were so absorbed by bitterness over money matters that a proper perspective was lost. The disposition of the Husband's earnings vis-a-vis the proceeds of the sale of his Stewart County

---

[1] Husband died in May, 1998. Counsel assured us during argument that his demise abated no decretal action of the court.

[2] The break-up of the marriage being imminent, Wife sold her separately owned residence and purchased a more modern one, the entire equity in which was awarded to her.

land is difficult to ascertain from the testimony, but it is clear that the Court was impermissibly expected to take and state a financial accounting between these parties during the long duration of their marriage.

Wife argues that the certificate of deposit and the Nations Securities account contained commingled funds and therefore were marital property according to *Wade v. Wade,* 897 S.W.2d 415 (Tenn. App. 1994), and thus she is entitled to an equitable share of these accounts. Husband was not awarded all of the proceeds from the sale of his separate property; the trial judge clearly struggled with the obfuscative testimony in order to deal with this issue fairly, and we cannot say that the evidence preponderates against the judgment. The trial court's wide discretion in the distribution of marital property will not be disturbed on appeal absent clear abuse. *Evans v. Evans,* 558 S.W.2d 851 (Tenn. App. 1977), *Fisher v. Fisher,* 648 S.W.2d 244 (Tenn. 1983); *Barnhill v. Barnhill,* 826 S.W.2d 443 (Tenn. App. 1991).

The plaintiff complains that the Court erred in failing to award alimony *in futuro* or *in solido.* She insists that her need for alimony clearly appears because her monthly income is only $1,200.00, which is insufficient for her support.

The Court awarded the plaintiff $996.17 per month as her share of the Husband's pension, and found that she had sufficient assets "so that an award of alimony is inappropriate." She argues that since the Husband was awarded $100,000.00 in liquid assets, "his estate will certainly be able to pay some amount as alimony in solido."

T.C.A. § 36-5-101(d)(1) prescribes the various factors to be considered in determining the alimony issue. The critical factors are the need on the one hand, and the ability to pay on the other. *Loyd v. Loyd,* 860 S.W.2d 409 (Tenn.

App. 1993).  The trial court considered these factors carefully, and concluded that an award would be inappropriate, since Husband would retain only $348.02 of his Metro pension, and his Social Security, aggregating $1,497.02, exclusive of income derived from his separate property.  Wife was awarded the lion's share of the marital estate, and we cannot find that the refusal to award alimony was an abuse of discretion.

The Wife was awarded about 50 percent of her attorney fees.  She argues that the entire amount of her fees should have been awarded because she lacks the necessary funds.  As in alimony issues, the trial court has wide discretion in the matter of attorney fees.  Wife was awarded substantial amounts and we cannot say that the refusal to award attorney fees was an abuse of discretion.  *See, Houghland v. Houghland,* 844 S.W.2d 619 (Tenn. App. 1992).  The request of Wife that she be awarded her attorney fees on appeal is denied.

The judgment is affirmed at the costs of the appellant.


_____
William H. Inman, Senior Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge

4