IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 19, 2013 Session

# LYLE DOUGLAS VAUGHAN, ET AL. v. HAWKINS COUNTY, TENNESSEE, ET AL.

Appeal from the Chancery Court for Hawkins County
No. 14602      Thomas R. Frierson, II, Chancellor

No. E2012-02160-COA-R3-CV-FILED-JULY 16, 2013

In a prior appeal of this matter, we affirmed the trial court's determination that a road in dispute was private rather than public. Ten months after our decision, the defendants, the Brewers, filed a Rule 60.02 motion to vacate with the trial court based upon newly discovered evidence. The trial court overruled the motion. The defendants appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and D. MICHAEL SWINEY, J., joined.

Douglas T. Jenkins, Rogersville, Tennessee, for the appellants, Darrell Brewer and Lorraine Brewer.

Jeffrey M. Ward, Greeneville, Tennessee, for the appellee, Hawkins County, Tennessee.

William S. Nunnally, Greeneville, Tennessee, for the appellees, Lyle Douglas Vaughan, Syble Vaughan Trent, Andrew J. Shanks, Jean Shanks, and Barbara Shanks.

## OPINION

## I. BACKGROUND

This case is a dispute over whether a road in Hawkins County, Tennessee, is a public road or a private right of way. The case has a lengthy procedural history beginning with a complaint filed by the plaintiffs, Lyle Douglas Vaughan, Syble Vaughan Trent, Andrew J.

Shanks, Jean Shanks, and Barbara Shanks, in June 2001. They alleged that a road called "Brewer Road" was a private road, subject to an easement in favor of the Brewers, Darrell and Lorraine. They also alleged a bridge crossing Big Creek from the Vaughan farm to the Brewer farm was a private bridge. The plaintiffs sought other relief against the County for trespass and violations of code provisions relating to the creation and recognition of county roads.

The Brewers contended that the road at issue was a County road and the bridge a public passageway because the road had been maintained by the County beginning sometime in the 1980s. Further, the Brewers alleged Brewer Road was, at one time, a public road known as the Old Stanley Valley Road. They argued that if the bridge was a public span, it was eligible for taxpayer funds to replace it.

A trial in the initial lawsuit was conducted on August 10 and 11, 2009. At its conclusion, the court held that Brewer Road was not a public road, but rather a private right-of-way that the Brewers could use. The trial court further determined that the road was not a County road because at no time did the Shanks and Vaughan families or their predecessors in title formally declare an appropriation of "the lane" for the public, no implied offer of dedication was found, and the Brewers had failed to unequivocally prove that the landowners permanently intended to part with the road and vest it in the public. Similarly, the court concluded that the bridge crossing Big Creek was not a public improvement. On appeal, we affirmed the decision of the trial court. *See Vaughn v. Brewer*, No. E2009-02288-COA-R3-CV, 2010 WL 3307075 (Tenn. Ct. App. Aug. 23, 2010).

The Brewers filed a motion for rule 60.02 relief on May 26, 2011, presenting alleged "newly discovered evidence." On March 13, 2012, the Brewers submitted an amended motion. They also filed affidavits from relevant individuals in an attempt to explain why the "new evidence" was not located sooner. On September 25, 2012, the trial court overruled the motion. A timely notice of appeal was filed.

## II. ISSUE

The issue before us is whether the trial court erred in overruling the Rule 60.02 motion.

## III. STANDARD OF REVIEW

In ruling on a motion for new trial on the grounds of newly discovered evidence, the

trial court is vested with wide discretion. Its denial of such a motion will not be disturbed by an appellate court unless it has abused its discretion. *McCollum v. Huffstutter*, No. M2002-00051-COA-R3-CV, 2002 WL 31247077, at *5 (Tenn. Ct. App. Oct. 8, 2002); *Evans v. Evans*, 558 S.W.2d 851, 853 (Tenn. Ct. App. 1977).

## IV. DISCUSSION

Rule 60.02 of the Tennessee Rules of Civil Procedure states in part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

* * *

or

(5) any other reason justifying relief from the operation of the Judgment.

Tenn. R. Civ. P. 60.02. Tennessee law provides for a new trial on the basis of newly discovered evidence only under very limited circumstances. The rule is well stated in *Crain v. Brown*, 823 S.W.2d 187 (Tenn. Ct. App. 1991):

Generally, in order for a party to obtain a new trial based on newly discovered evidence, it must be shown that the evidence was discovered after the trial, that it could not have been discovered earlier with due diligence, that it is material and not merely cumulative or impeaching, and that the evidence will probably change the result if a new trial is granted.

*Id.* at 192 (citing 20 Tenn. Juris. *New Trials* §§ 6, 7, 8, 9 and 10) (overruled on other grounds). A new trial will be granted on the basis of newly discovered evidence only when it is evident that an injustice has been done and a new trial will change the result. *Diversified Equities, Inc. v. Warren*, 567 S.W.2d 171, 175 (Tenn. Ct. App. 1976).

The Brewers assert that all of the newly discovered evidence consists of obscure documents not easily located. They contend the materials are not cumulative of anything

introduced at the original trial. They maintain that if this new evidence had been before the trial court, Brewer Road would have been found to be a part of the Old Stanley Valley Road and therefore a public road.

The plaintiffs, to the contrary, argue that the Brewers have not shown that this evidence could not have been discovered earlier by due diligence. They contend that matters of public record cannot constitute newly discovered evidence. In any event, the plaintiffs assert that the documents would not change the outcome of the original trial even if considered.

The trial court denied the motion of the Brewers, concluding that they "failed to establish that the evidence could not have been discovered prior to trial through the exercise of reasonable diligence" and that they did not establish that the evidence would produce a different result.

Eight years passed between the filing of the complaint and the matter going to trial. With the exception of an aerial photo taken in 1939 and a recent tax map, all of the newly discovered evidence came from the offices of the Clerk and Master and the County Court for Hawkins County. Clearly, these "newly discovered records" were available to the Brewers during the pendency of the case. The affidavits reflect that the Brewers and their representatives failed to look for items in all possible public offices.

Even if all of the new evidence was admitted, nothing contradicts the testimony of the witnesses that there was never a public "road" in the area from 1928 onward to the 1980s and that improvements made to the bridge and to the road were done privately. The new evidence does not overcome the fact that from the 1920s through 1978 and into the early 1980s there was no public vehicular use of the road. Further, after the 1950s, the only use of the road has been by the abutting owners. Thus, the fact that Brewer Road may have been part of the Old Stanley Valley Road nearly one hundred years ago would not change the outcome of this matter because the road was abandoned by the 1920s after the "new" Stanley Valley Road was built around 1921.

## V.  CONCLUSION

We affirm the judgment of the trial court and remand. Costs of the appeal are assessed to the appellants, Darrell Brewer and Lorraine Brewer.

_____
JOHN W. McCLARTY, JUDGE